THOMAS HENDERSON v. THE CITY OF DETROIT.

*Assumpsit—For use and occupation— Will not lie where entry was wrongful and relation of landlord and tenant is not shown to exist during the after-occupation—Trespass, or ejectment with claim for mesne profits, the proper remedy—Case made after judgment—Held, on the facts in this case, that defendant's plea and assignments of error sufficiently raised the question decided—Exception to judgment unnecessary.*

Where possession is taken of the premises of a land-owner, and a build-ing erected and other improvements made thereon, all without his consent, and he notifies the intruder to remove the same or pay him a specified rent for the use of the property, which payment is refused and possession retained,—

*Held,* in an action of assumpsit brought by the land-owner to re-cover for *such* use and occupation, there being no evidence that the relation of landlord and tenant existed between the parties, that plaintiff's remedy, if he has any, is an action of trespass, or eject-ment with claim for *mesne* profits. and that assumpsit will not lie.

*Held,* further, that a judgment in favor of plaintiff can be reviewed in the Supreme Court on a case made embodying the foregoing facts, without exception being taken to its rendition, the defendant's plea and assignments of error sufficiently raising the question above decided.

Case made after judgment from Wayne. (Chambers, J.) Argued May 5, 1886. Decided May 6, 1886.

Assumpsit. Defendant assigns error. Reversed. The facts are stated in the opinion.

*Henry M. Duffield,* for appellant :

1. It is not claimed that there ever was any express contract on behalf of the city to pay for the use and occupation com-plained of ; hence the plaintiff's right of recovery rests solely on an implied assumpsit. Sec. 184 of the charter, p. 107, limits the power of the city to contract, except with the lowest bidder after proposals are invited by advertisement. No liability against the city, therefore, can be founded upon any implied contract : *Goodrich v. Detroit,* 12 Mich. 279 ; *City of Detroit v. Mich. Paving Co.,* 36 Id. 335 ; *Detroit v. Robinson,* 38 Id. 108.

2. There is no evidence of any relation of landlord and tenant between the parties. According to the case made by the plaintiff, the original occupation of the premises was without plaintiff's permission. Subsequently he notified the president of the fire commission "to take the buildings, and also the planking, off the premises, or if they did not he would charge for the use of it, at the rate of fifty-two dollars per year." This is not sufficient to raise an implied assumpsit to pay for the use and occupation.

What the decision upon such a state of facts in an action of trespass might be, it is not necessary to consider. Under the authorities.cited below, I submit there can be no recovery in this action: *Marquette, H. & O. R. R. Co. v. Harlow*, 37 Mich. 554; *Dalton v. Laudahn*, 30 Id. 349; *Lockwood v. Thunder Bay River Boom Co.*, 42 Id. 536.

3. The case comes to this Court upon a case made after judgment, under How. Stat. § 6469. A motion to dismiss the case because no exceptions were taken in the court below, or appear in the record, was continued to the hearing of the case on its merits.

The case is prepared in strict conformity with Circuit Court Rules 81 to 84, inclusive. In the statement of errors relied upon, required by rule 84, the defendant complains in effect that, upon the facts found, the judgment of the court below was not warranted. There is no exception to or error assigned on any ruling upon the admission of evidence. The only claim of the appellant is that under the facts proven there was no liability on the part of the defendant. There are apparently conflicting decisions in this Court upon the practice in cases made after judgment, and from the meagre reports of some of the cases it is difficult to reconcile them. They are all collated under How. Stat. § 6469, and Circuit Court Rules 80 to 84, inclusive. As I understand the practice as deduced from them, it requires exceptions to be made in the circuit court if the rulings and decisions upon the trial are sought to be reviewed, but if it is sought to review the correctness of the conclusion of the court below upon the facts proven, it is only necessary to make a statement of errors relied upon under rule 84, and in such case the Court will review that general conclusion. *Adams v. Champion*, 31 Mich. 233.

This Court has reviewed, upon a case made, a judgment improperly taken upon an inquest (*Wells v. Booth*, 35 Mich. 424); an order setting aside a capias and directing judgment for the defendant (*Watson v. Watson*, 47 Mich. 427); and a

judgment upon an assessment by the court (*Wheeler v. Wilkins,* 19 Mich. 78); and it has been held that if it appears from the case made that there was no evidence to sustain the judgment, it would be reversed (*Walrath v. Campbell,* 28 Mich. 123).

*Geo. H. Prentis,* for plaintiff:

This Court is not at liberty to make intendments against the judgment below, but is bound to make all *reasonable* intendments to uphold such judgment: *Peabody v. McAvoy,* 23 Mich. 530; *Gilbert v. Ins. Co.,* 30 Id. 400.

The court below found from the evidence that the defendant was indebted to the plaintiff, and therefore rendered the judgment; and this Court cannot review questions of fact: *Schmidt v. Miller,* 22 Mich. 278; *Peabody v. McAvoy,* 23 Id. 526; *Chatterton v. Parrott,* 46 Id. 432; *Wertin v. Crocker,* 47 Id. 642.

For aught that appears in the record the defendant may have been in possession of the premises in question under a lease from the plaintiff, and such fact may have appeared before the trial judge by the evidence; and this Court will assume that the necessary evidence was given: *Randall v. Randall,* 37 Mich. 563; *People v. Cline,* 44 Id. 294; *Jacobs v. Callaghan,* 57 Id. 11.

If it does not affirmatively appear that there was no such evidence this Court cannot so find. This Court cannot presume error: *Greenlee v. Lowing,* 35 Mich. 67; *Wicks v. Ross,* 37 Id. 467.

The record does not purport to give all the evidence; the presumption therefore would be that the evidence justified the judgment: *Wood v. Railroad Co.,* 49 Mich. 372.

But even if the record showed that there was no leasing by the plaintiff to the defendant, still the circuit judge was right in rendering judgment for the plaintiff.

The plaintiff's evidence, as shown by the record, was that he was the owner of the premises; that defendant had gone into possession with its hook and ladder company, and had the benefit of the use of the premises; that he had notified the president of the board that if they continued the use he would charge fifty-two dollars per year, which was a reasonable price for such use.

The board of fire commissioners and the president were lawfully acting in that regard as agents of the city, and their action bound the city. See sections 1, 6, 8, 9, and 15 of the act creating the board.

The city continued in such occupation and enjoyment after such notice, and now through its officers seeks to avoid payment therefor.

The occupation was beneficial to the city, and that was a sufficient ground to imply a promise to pay a reasonable sum as compensation for such occupancy, unless there was something in the circumstances inconsistent with the notion of such a promise or of an obligation to pay : *Dwight v. Cutler,* 3 Mich. 566.

So far from there being anything in the circumstances inconsistent with such obligation, plaintiff expressly stated that he would require pay, and the amount, and the fair presumption would be that the defendant intended to occupy upon those terms.

The defendant was in possession of premises owned by the plaintiff, the plaintiff gave notice that if defendant retained possession he should charge fifty-two dollars per year, and the defendant did remain in possession.   Here was the actual consent of the owner that defendant might retain possession, and at least the *implied* acceptance of the terms by the defendant, by means of which defendant became a tenant at will the moment consent could be inferred.

A divorced wife, who had for several years been in possession of premises owned by her former husband with his consent, was held by this Court to be a tenant at will : *Wilson v. Merrill,* 38 Mich. 707.

One who enters upon the use of another's property with a full knowledge of the rent demanded therefor is under contract obligation to pay such rent : *Thompson v. Sanborn,* 52 Mich. 141.

We also insist that the judgment should be sustained, and that this Court should dismiss the case, because no exceptions were taken in the court below.

Either party to a cause may have a review of the questions of law on a bill of exceptions or case made : How. Stat. § 6488; but cannot have a review of questions of fact: *Schmidt v. Miller,* 22 Mich. 278 ; *Chatterton v. Parrott,* 46 Id. 432 ; *Wertin v. Crocker,* 47 Id. 642.

This Court has no power to review law cases upon the facts, its jurisdiction being limited to a review of the rulings of the trial court on such questions of law as were distinctly presented and passed upon ; and a general exception to a judgment cannot entitle one to raise any question of law that could have been raised in the court below.

A mere exception to a judgment that is good in form can

never be available to raise any question in the Supreme Court: *Schmidt v. Miller*, 22 Mich. 278.

Where no requests for instructions have been submitted, and no exceptions taken to the final result, there can be no question raised as to the sufficiency of the facts to support the judgment, or as to the judge's conclusion of law; and where special findings are needed to bring the facts on the record, but have not been asked for, the Supreme Court will not review the testimony as a means of ascertaining the facts: *Green v. Gill*, 47 Mich. 86.

The case of *Hedges v. Hibbard*, 46 Mich. 551, was taken up in the same way this case was; no finding was asked for, and none made. The trial was without a jury, and judgment was rendered by the court; and this Court held there was no question for review.

In case made, exceptions are just as necessary upon the trial as when the question is to be reviewed upon bill of exceptions and writ of error: *Turner v. Grand Rapids*, 20 Mich. 395; and conclusions of law cannot be reviewed unless excepted to: *Peabody v. McAvoy*, 23 Mich. 526; *McMillan v. Cheese Factory*, Id. 544; and the Supreme Court cannot review a case made after judgment where no exceptions appear on the record: *Wilkinson v. Earl*, 39 Mich. 626.

SHERWOOD, J. This action is assumpsit for use and occupation of land in the city of Detroit by a corporation constituting a part of the local government of the city, and known as the Detroit Fire Commission.

The plaintiff claimed to be the owner of the land for which rent was claimed, and that the Detroit Fire Commission entered thereon without the consent of the plaintiff, and erected, partly upon the premises, an engine-house, and planked other portions of the land, and used the whole of it for hook and ladder company No. 2; that after the fire company had thus entered upon the land the plaintiff notified the president of the Detroit Fire Commission to take the building away, and remove the planking, if they would not pay him rent for the use of his land, but the fire commission would do neither.

The plaintiff claimed a yearly rent of $52.

The cause was tried before Judge Chambers, in the Wayne circuit, without a jury, and the plaintiff was allowed to recover

a judgment for the sum of $360.50 damages, with his costs to be taxed.

The cause is now brought before us for review upon a case made after judgment. The errors upon which the appellant relies are:

1. That the facts proved did not create any liability on the part of the city, because the use and occupation of the premises was by the Detroit Fire Commission, which is a distinct and separate corporation.

2. Because the facts proved did not raise any implied assumpsit on the part of the city of Detroit to pay for the use and occupation of the premises, and the plaintiff's remedy, if he has any, is by an action of trespass, or an action of ejectment and mesne profits.

We think that the second ground of error must prevail under the previous rulings of this Court, and discussion of the first is therefore unnecessary: *Dalton v. Laudahn*, 30 Mich. 349; *Marquette, H. & O. R. R. Co. v. Harlow*, 37 Id. 554; *Lockwood v. Thunder Bay R. Boom Co.*, 42 Id. 536.

The facts stated are insufficient to support an implied assumpsit to pay rent, and there is no evidence in the case, either express or implied, of any relation of landlord and tenant between the plaintiff and defendant.

No exception was necessary to be taken to the rendition of the judgment in the court below, to secure a review in this Court upon the errors assigned. The defendant's plea and assignments of error sufficiently raise the question discussed before us, and upon which the case must be decided.

The judgment must be reversed, and judgment entered for defendant, with costs.

The other Justices concurred.