THOMAS, Appellant, vs. PARROTT, Respondent.

*April 7 — April 27, 1900.*

*Evidence: Instructions to jury: Use of logging road: Implied contract: Exceptions.*

1. On the issue whether there was a contract between plaintiff and defendant that the latter should contribute to the repair and maintenance of a logging road to be jointly used by them, it was error to permit defendant to introduce in evidence a written contract between himself and third persons giving him the right to haul timber over roads made or used by them, such roads covering a portion of the road in controversy.

2. An instruction to the jury that "a party going in the woods and finding a logging road or finding a public road had a right to go on and use it" is error, there being no such right in regard to mere private roads.

3. No agreement to pay for the use of a road on lands owned by another person can be implied unless the conventional relation of landlord and tenant exists.

4. Separate exceptions to almost every word in the charge to the jury will not be held bad as being a general exception to the whole charge; but it is the better practice to except only to such portions of the charge as raise a reasonable question as to its correctness or applicability to the case.

APPEAL from a judgment of the circuit court for Lincoln county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

This action is to recover upon an agreement alleged to have been made by defendant to contribute to the expense of constructing a logging road used jointly by the parties. The answer admitted using a portion of the road jointly with plaintiff and other parties named. It alleged that defendant repaired the road, and contributed more than his share towards the maintenance of the road, and denied the other allegations of the complaint. In municipal court the plaintiff had judgment. Upon the trial in the circuit court, the jury found for defendant. It is to review certain rulings as to the admission of evidence, and instructions given

by the court, that plaintiff has appealed from the judgment entered in defendant's favor.

For the appellant there was a brief by *Flett & Porter*, and oral argument by *W. H. Flett.*

For the respondent there was a brief by *Van Hecke & Smart*, and oral argument by *E. M. Smart.*

BARDEEN, J.   The issue plainly presented by the pleadings was whether in fact there was an agreement between plaintiff and defendant that the latter should contribute to the repair and maintenance of the logging road to be jointly used by them.   The plaintiff testified that such an agreement was made.   The defendant denied it, and against the plaintiff's objection was permitted to introduce in evidence a written contract between himself and McInniss & Son, which gave the former the right and privilege of hauling timber over roads made or used by the latter.   These roads cover a portion of the roads in controversy.   Defendant's counsel announced his purpose in introducing it that it was worth something to the jury, as tending to show that defendant would not be apt to make the contract sued upon, in the face of the contract he already had.   In his charge to the jury the court referred to this contract, and stated "that it was admitted here for the purpose of showing or tending to show,— and it is for you to say whether it did or not,— whether the defendant, *Parrott*, in view of having that contract with McInniss, would have made the contract which it is claimed he did make with plaintiff."   The court told the jury they might use it for whatever it was worth in determining the controversy.   This contract was a collateral matter, and had no connection with the matter in litigation.   It was not inconsistent with the agreement claimed by plaintiff.   It covered only a portion of the road in question, and was, at best, but a mere license to use the McInniss road.   It did not purport to bind either of the parties to

keep up or maintain the road. Such being the fact, it introduced a collateral issue and had a tendency to draw the minds of the jury from the real point to be determined. Its treatment in the charge served to emphasize its harmful character, and made its introduction all the more hurtful to the plaintiff. *Huganir v. Cotter*, 92 Wis. 1.

The court seems to have got somewhat confused in his charge as to the right of persons engaged in logging to use private roads. He instructed the jury that "a party going in the woods and finding a logging road or finding a public road had a right to go on and use it," etc. That is true of a public highway, but, of course, is not true of a mere private road, and the failure of the court to distinguish between the two left the jury without any definite basis to stand upon.

Claims and counterclaims were made in the pleadings for the use of roads by each of the parties on lands owned by the other. No agreement to pay for such use was shown, and the rule is generally that no such agreement can be implied, unless the conventional relation of landlord and tenant exists. *Preston v. Hawley*, 101 N. Y. 586; *Central M. Co. v. Hart*, 124 Mass. 123; *Henderson v. Detroit*, 61 Mich. 378.

Some criticism is made as to the manner in which the plaintiff has preserved his exceptions to the judge's charge. Out of abundant caution, his counsel have separately excepted to almost every word of the charge. Many paragraphs excepted to are mere recitations of the evidence or statements of facts concerning which there was no controversy. Such exceptions are usually considered senseless and useless, and only serve to incumber the record. The practice sanctioned by this court requires separate exceptions to each objectionable portion of the charge. A general exception to the whole charge is not good. There is no rule, however, except such as is suggested by the good sense and good judgment of counsel, which limits the number of excep-

tions that may be taken.   It is the better practice to only except to such portions of the charge as raise a reasonable question as to its correctness or applicability to the case in hand.   Very strict lines cannot be drawn, and the matter can safely be left to the good judgment of counsel.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.