WEIDMAN *v.* WILLSON.

PLEADING—DECLARATION—ASSUMPSIT—WAIVING TORT—TRESPASS.
A declaration on the common counts in assumpsit, counting specially for the use of water used by defendant on plaintiff's premises and metered through plaintiff's meter, will not sup- port a recovery on the theory that the entry upon plaintiff's premises by defendant constituted a trespass for which, under section 11207, 3 Comp. Laws, plaintiff was entitled to recover in assumpsit, the statute not being referred to and counted upon, nor the fact of the trespass alleged, in the declaration.

Error to Shiawassee; Miner, J. Submitted April 16, 1908. (Docket No. 97.) Decided May 26, 1908.

Assumpsit by Frank Weidman against Purvis S. Will- son for goods sold and delivered. There was judgment for defendant on a verdict directed by the court; and plaintiff brings error. Affirmed.

*Watson & Chapman*, for appellant.

*George Pardee*, for appellee.

MONTGOMERY, J. This action originated in justice's court. The declaration was on the common counts in assumpsit and specifically for the use of water in the building now occupied by defendant. The defendant re- covered in the justice's court, the plaintiff appealed to the circuit court, and on the trial of the case, at the conclu- sion of the testimony, the circuit judge directed a verdict for the defendant. The plaintiff brings error.

It appeared on the trial that the defendant had the right to possession of certain rooms in a building, the occupancy of other portions of which were in the plaintiff, and that defendant was accustomed to go into other portions of the building and use water which belonged to the plaintiff, and which was metered through his meter. It also ap-

peared beyond dispute that the defendant was using this water under a claim of right, and that the circumstances were such as to repel any implication of a promise to pay. The circuit judge was of the opinion that plaintiff had not the right to waive the tort and sue in assumpsit, resting his decision on numerous decisions of this court, including *Watson* v. *Stever*, 25 Mich. 386; *Grinnell* v. *Anderson*, 122 Mich. 533; *Tuttle* v. *Campbell*, 74 Mich. 662.

In this court the defendant's brief was first filed. The plaintiff now claims in his brief a right to recover, on the ground that the entry by defendant through the plaintiff's building into the basement, where he made use of the water from the hydrant, constituted a trespass upon land, for which, under section 11207, 3 Comp. Laws, plaintiff was entitled to recover in assumpsit. It is by no means clear that this position was brought to the attention of the circuit court, and it is a sufficient answer to say that the declaration being on the common counts, the statute not being referred to and counted upon, nor the fact of the trespass alleged, in the declaration, the plaintiff is not entitled to recover on this theory. See *Anderson Carriage Co.* v. *Pungs*, 134 Mich. 79; *Barbour* v. *Hurlburt*, 137 Mich. 534.

The judgment is affirmed.

GRANT, C. J., and BLAIR, CARPENTER and McALVAY. JJ., concurred.