HAIGHT *v.* SMITH.

1. FRAUDULENT CONVEYANCES — PREFERENCES — INSOLVENCY — COR-
PORATIONS—SALE OF ASSETS.

Where an insolvent corporation made a conveyance of its real estate and fixtures to a brother-in-law of the president and manager, and it received in cash the fair value of the property, using the proceeds to pay labor debts and other obligations of the corporation, and the transaction being authorized by the board of directors for the purpose of paying debts, the complainant, a purchaser of all the assets of the company through bankruptcy proceedings, was not entitled to vacate the conveyance as fraudulent.[1]

2. CORPORATIONS—FRAUD—DEBTOR AND CREDITOR.

In Michigan it is not held that as soon as a corporation becomes insolvent its directors become trustees for all its creditors; but until steps are taken to wind up its affairs, it may give preferences to any of its creditors, even though they may be stockholders or directors.

[1] The question of preferences among creditors given by insolvent corporations is considered in a note in 22 L. R. A. 802.

Appeal from Muskegon; Sullivan, J. Submitted November 4, 1913. (Docket No. 61.) Decided January 5, 1914.

Bill by Louis P. Haight against Frank M. Smith, George R. Ross and Henry L. Palmer to set aside a deed. From a decree for defendants, complainant appeals. Modified and affirmed.

*William Carpenter,* for complainant.

*Charles V. Hilding* and *Charles A. Watt,* for defendants.

STONE, J. The bill of complaint in this case was filed to set aside a conveyance from the Ross Manufacturing Company, made on the 7th day of January, 1911, to the defendant Frank M. Smith, of lot 2 of block 558 of the revised plat of the city of Muskegon. At the time the conveyance was made and delivered the complainant had a judgment against the company for damages and costs, amounting to upwards of $3,750, and other judgments had been entered against the company, and it was financially in an embarrassed condition. The defendant George R. Ross had been the principal stockholder of the company, and its president and business manager since its incorporation, in 1908. The complainant claims that the deed above mentioned was made at the instigation of defendant Ross to defendant Smith without any consideration, for the purpose of hindering, delaying, and defrauding the creditors of the said company, and is therefore null and void as to them. The answer denies all fraud, claims a fair consideration was paid for the deed, and that the consideration paid, which was $1,000, was used to pay the then existing debts of the corporation, and it denies that the conveyance was intended to defraud, hinder or delay creditors. The deed was made in pursuance of the following pro-

ceedings of the board of directors of the Ross Manufacturing Company, to wit:

"Minutes of a special meeting of the board of directors of the Ross Manufacturing Company, held at the office of said corporation on the seventh day of January, 1911, at 8:00 a. m.

"A majority of the directors of the corporation were present at said meeting and expressly waived notice of the time, place and object of the meeting.

"The question as to the expediency and advisability of selling the manufacturing establishment, buildings, stock, lumber, notes, accounts receivable, and such other property as the company may have that will enable them to pay their present indebtedness was discussed and fully considered. And on motion duly considered was unanimously carried, the following resolution was adopted:

"Resolved: That George R. Ross, president, and Alta V. Ross-Hoover, secretary, of the corporation, be and they are hereby authorized, empowered and directed to execute in the name of and for and in behalf of the corporation, a deed, bill of sale, and such other papers as shall be necessary to convey title of as much of their property as shall be necessary to meet the outstanding accounts and judgment against the corporation upon such terms and conditions as will be to the best advantage of said corporation. And provided that George R. Ross, Pres., and Alta V. Ross-Hoover, Secretary, be and they are hereby further authorized, empowered and directed, either jointly or severally, to execute in the name of and for and in behalf of the corporation any documents necessary, expedient, and proper to carry into effect the objects and purposes of the said sale.

"No further business being presented at said meeting, the same was duly adjourned.

"George R. Ross, President.

"Attest: Alta V. Ross-Hoover, Secretary."

"We, the undersigned, constituting the majority of the directors of the said Ross Manufacturing Company, do hereby certify that the foregoing minutes of a special meeting of the board of directors of said Ross Manufacturing Company, held at the time and place therein named are true and correct; and that

we, and each of us, do hereby ratify and confirm the business transacted at said meeting.

"GEORGE R. ROSS,
"ALTA V. ROSS-HOOVER,
"HENRY L. PALMER,
"Directors.

"[Seal of the Company.]"

Pursuant to that action the deed was made and delivered to the defendant Smith for the consideration of $1,000, paid by him in cash to the president of the company, the premises conveyed being subject to a certain valid mortgage for $2,000, theretofore given to one Mary Shaw Atwood. The deed was immediately placed on record. The evidence tends to show the embarrassed condition of the company as above stated.

The defendant Smith is a brother-in-law of defendant Ross. The testimony of defendant Smith tends to show that he was visited by defendant Ross, who informed him that the manufacturing company needed some help, and he wanted to raise some money to pay the debts of the company, and asked defendant Smith to help him. His testimony tended to show that the property was worth not to exceed $3,000, including the incumbrance. They also had, at the same time, a certain other deal with reference to the sale of the personal property of the company, the consideration for the latter sale being $1,000, which property was later sold back by the defendant Smith to defendant Ross, and the $1,000 returned to defendant Smith.

The evidence of defendant Ross tends to show that the company had been much annoyed by suits and garnishments, and, desiring to raise some money with which to settle the claims against the company, the negotiations were entered into with defendant Smith. There is no doubt that both defendants Smith and Ross at this time knew that the company was em-

barrassed in its finances, and that defendant Ross, acting for the company, was endeavoring to raise some money to pay off its floating indebtedness, and eventually to adjust a settlement with all of its creditors.

An examination of the record satisfies us that $3,000 was a fair valuation for the real estate in question. In fact the trustee in bankruptcy, later appointed, testified that, including the boiler and engine, with the building, he did not consider the property worth to exceed $2,000 without the mortgage, and that, in his judgment, defendant Smith gave all that the property was worth, taken subject to the mortgage.

By reason of the garnishment by another creditor of some moneys due the company in the State of New York, the condition of the company was brought to a crisis, and on the 3d day of February, 1911, the company, on its own petition, was adjudged a bankrupt, and one Charles E. Moore was appointed its trustee in bankruptcy. On the 12th day of January, 1912, the trustee conveyed to the complainant all the assets then remaining of the Ross Manufacturing Company, for which the trustee was paid a very inconsiderable sum; and the claim is made here by the complainant that the trustee having, under the bankruptcy law, the right to institute proceedings to set aside the conveyance of the real estate made to defendant Smith, he, the complainant, by virtue of the assignment of the assets of the bankrupt company to him, had the same right, and the suit was brought for that purpose.

The trial court found in its opinion the following facts as to the value of the property, which appears in the record:

"It may be said that while the proof is not as clear and definite as it might be, it sufficiently appears that for the real estate Mr. Smith paid $1,000 in cash;

that there was a $2,000 mortgage thereon that was assumed by him.  The proof is quite clear that $3,000 was a fair market value for the land, and, equally so, that the greater part at least of this $1,000 cash was used in paying debts of the corporation."

The testimony tends to show that the $1,000 received by defendant Ross from defendant Smith was used in paying the company's pay-roll for labor, for taxes, interest, lights, and for some lumber which was used by the company; and, in fact, it was all used in paying the debts of the company, expenses, taxes, and lights, including $50 which the company owed to Mr. Hoover, the son-in-law of defendant Ross.  The circuit judge was of the opinion that the transaction of the sale and deed to defendant Smith was intended to hinder and delay creditors of the company, and that, though defendant Smith may have paid a fair price for the land, he, being cognizant of the embarrassed financial condition of the company, was equally guilty with defendant Ross in carrying out the design, and that the sale was void, as to creditors. After a careful reading and consideration of this record, we are unable to agree with the circuit judge that the transfer in question was made with the intention of defrauding, hindering, and delaying the creditors of the company, as that term is used in the law.  It undoubtedly did result in hindering the complainant from the collection of his claim, but the corporation had as good a right as an individual has to prefer its creditors; and, if it saw fit, to pay its labor, and other claims that might have preference, under the law it might rightfully do so, and it cannot be said that the transfer was void and in fraud of creditors.

Complainant says that two questions are involved in the case:

"(1) Was the deed fraudulent as to creditors?

"(2) If it was, is the complainant in this case entitled to have it set aside?"

The conduct of defendant Ross, as an officer of the company, was consistent with the utmost good faith, and was in pursuance of the action of the board of directors, in the effort to pay off the indebtedness of the company. The case requires, in our opinion, the application of the principles discussed and applied by this court in the cases of *Bank of Montreal* v. *Lumber Co.*, 90 Mich. 345 (51 N. W. 512), and *O. W. Shipman Co.* v. *Railway*, 140 Mich. 589 (104 N. W. 24). In the first case cited, it was held that it is not in this State unlawful for a corporation, although insolvent, to give preference to its creditors; that it is not the law of this State that as soon as a corporation becomes insolvent its directors become trustees for all of its creditors alike, in such a sense as to prevent their giving valid security by way of preference even to a stockholder or a director, and that the rule has been established since the case of *Town* v. *Bank of River Raisin*, 2 Doug. (Mich.) 530, that a corporation may, in the absence of legislative restriction, deal with its property precisely as an individual may, and may prefer one creditor over another; and hence its assets do not become a trust fund for pro rata distribution among all of its creditors, until steps are taken under the statute to wind up the corporation.

It appearing to us that the sale involved was a fair one, made in good faith and for an adequate consideration, the object and purpose being to obtain funds with which to pay the debts of the concern, we think the complainant is in no position to complain because he has not been paid in preference to certain other creditors. *O. W. Shipman Co.* v. *Railway, supra.*

Having reached the conclusion, therefore, that the deed was not fraudulent as to creditors, the complainant is not entitled to any relief, and it becomes unnecessary for us to discuss the second question suggested by counsel. The court below dismissed the bill of complaint upon the ground that complainant had

no standing in court under the second proposition. In dismissing the bill, however, it did so—

"Without prejudice to any action the said complainant or the trustee in bankruptcy of the Ross Manufacturing Company may take for the purpose of enforcing their rights in the premises heretofore mentioned."

This clause should be stricken out of the decree below, and the bill should stand dismissed absolutely. With this modification, the decree below will be affirmed, with costs to the defendants.

McALVAY, C. J., and BROOKE, KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.