SMITH v. HAIGHT.

1. USE AND OCCUPATION— LANDLORD AND TENANT—BANKRUPTCY—CONTRACTS—STATUTES.

In an action for use and occupation against the grantee of a trustee in bankruptcy, where the trustee and his grantee refused to recognize plaintiff's title, claiming fraud in the conveyance to plaintiff by the bankrupt, also refusing to recognize an oral lease of the premises by plaintiff to the

bankrupt, and also claiming hostile possession of the trustee by reason of the amendment to the bankruptcy act of June 25, 1910 (30 U. S. Stat. chap. 541, § 47, 36 U. S. Stat. chap. 412, § 8), providing that the trustees, as to all the property coming into the custody of the bankruptcy court, shall be deemed vested with all the rights and remedies of a lien creditor, and as to all other property, not in the custody of the bankruptcy court, with all the rights and remedies of a judgment creditor holding an execution duly returned unsatisfied, no contract relations existed between plaintiff and defendant from which the relation of landlord and tenant could be implied, and that, notwithstanding a decision in an equity suit to set aside the conveyance sustaining its bona fides in favor of plaintiff as defendant.

2. SAME—ACTION—CONTRACT—REMEDIES.

An action for use and occupation, being founded on contract, express or implied, will not lie where the occupancy is adverse, the owner's title being in dispute; and a trespasser cannot be made liable for rent, as upon an implied contract to pay, by the landlord's notifying him that he would be expected, if he stayed, to pay rent.[1]

3. SAME—ASSUMPSIT—TORT—TRESPASS—REMEDY—PLEADING.

Where plaintiff's declaration was based upon the common counts, no attempt being made to waive the tort as provided in the statute (section 11207, 3 Comp. Laws), he cannot recover under his pleading; his remedy being an action of trespass or tort.

Error to Muskegon; Sullivan, J. Submitted June 16, 1915. (Docket No. 50.) Decided October 29, 1915.

Assumpsit by Frank M. Smith against Louis P. Haight for use and occupation. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*William Carpenter,* for appellant.

*Hilding & Hilding* and *Charles A. Watt,* for appellee.

STONE, J. This case is here upon writ of error to the circuit court for the county of Muskegon, wherein

[1] As to when action for use and occupation of premises will lie, see notes in 14 L. R. A. 156, 26 L. R. A. 802.

a judgment was rendered for the plaintiff in the sum of $3,175 and costs. The case involves some of the facts that were involved in the equity case of *Haight* v. *Smith,* 178 Mich. 392 (144 N. W. 830). The instant case is in assumpsit for use and occupation of certain premises bought by the plaintiff from the Ross Manufacturing Company, a Michigan corporation, on January 7, 1911. On the 2d day of February following the said corporation was declared a bankrupt on its own petition. It was at that time a tenant of the plaintiff of the premises, at a rental of $100 a month. After the adjudication the premises were in the possession of a caretaker for a time. Later a trustee in bankruptcy was appointed, who took possession of the bankrupt's property. At the time he took possession, the trustee supposed that the premises in question belonged to the bankrupt's estate, and he took possession of them. He discovered afterwards, by an examination of the books of the corporation, that the premises had been conveyed to the plaintiff by deed. The trustee never believed that said conveyance to the plaintiff was a valid one, and he denied all rights of the plaintiff therein. On the 22d day of April, 1912, the trustee sold the greater part of the assets of the bankrupt estate to the defendant. Among the terms of the sale was an agreement by the defendant to indemnify and save harmless the trustee from the plaintiff's claim for rent of the premises. That agreement by the defendant was as follows:

"Now, therefore, in addition to the payment of $4,-600 in cash as above stated, I do hereby assume the payment of all rents and royalties due from the said bankrupt estate, its receiver or trustee (from the time of the filing of the petition in bankruptcy up to the present time) to F. M. Smith of Allegan, Mich.; but reserve the right to contest all claims therefor, and to defend against them, the same as said bankrupt estate might."

In taking possession of the property which he had bought from the estate and which was situated on the premises in question, the defendant took possession of said premises, and continued in possession from April 22, 1911, until March 9, 1914. Prior to the sale from the trustee to the defendant, the plaintiff had sent a bill to the trustee for rent of the premises at $100 a month. Nothing was paid thereon by the trustee, and he denied the right of the plaintiff to either rent or any interest in the property. On December 8, 1911, the plaintiff, by his attorney, wrote to the defendant inclosing bills for rent of the premises in question, which he claimed, from June 7, 1911, to January 7, 1912, at $100 per month. The defendant did not answer this letter, but in the following month of January, 1912, he purchased from the trustee all of the estate's interest in its real estate, and all rights of action against the plaintiff, and filed a bill in equity to set aside the plaintiff's claimed title to the premises in question. *Haight* v. *Smith,* 178 Mich. 392 (144 N. W. 830).

In January, 1912, and before the bill to set aside plaintiff's title was filed, the plaintiff filed with the referee in bankruptcy a petition praying that the trustee be required and directed to pay rent for the premises involved. The trustee answered the petition in the following language:

"This trustee admits that the said Smith did present to him certain statements of account, whereby he claimed rent for said premises, but denies that this trustee ever rented said premises from him, or ever agreed to pay him for the occupation thereof, or ever had any contract relations with him, or ever admitted any liability of any kind for rent of said premises, or ever admitted that the amount claimed therefor was a reasonable charge, or that he is or ever was indebted to him therefor."

This court having decided, in *Haight* v. *Smith, supra,* on January 5, 1914, that the deed from the Ross Manufacturing Company to the plaintiff was valid, this action for use and occupation of the premises from April 22, 1911, to March 9, 1914 (at which time the premises were vacated by defendant), was brought in assumpsit, and at the trial a judgment was rendered on a verdict directed by the court upon the basis of $100 per month. There was evidence that a fair rental of the premises was $30 per month, but there was a conflict in the evidence upon that subject.

The substantial questions involved, and raised by the assignments of error, are:

(1) Did the relation of landlord and tenant exist between the plaintiff and defendant, so as to entitle the plaintiff to recover in an action of assumpsit for use and occupation?

(2) Was the defendant bound, under the circumstances, to pay to the plaintiff a rental of $100 per month by reason of the bills sent the defendant by plaintiff's attorney in December, 1911?

The first question was raised on the defendant's motion to instruct the jury to render a verdict in favor of the defendant, and the court's refusal to so instruct. Both questions are raised on the charge of the court. The appellant's position is well stated by his counsel as follows:

"Under the ruling of this court in the case of *Haight* v. *Smith,* 178 Mich. 392 (144 N. W. 830), the defendant concedes that the property, the use of which is involved in this case, is the property of the plaintiff. He also concedes that he occupied that property from April 22, 1911, to March 9, 1914, and that the plaintiff is entitled in a proper form of action to a reasonable compensation for the premises. It is his contention, however, that the relations of the parties were, from the outset, entirely adverse; that the rights of the plaintiff to the property, and to its possession, were disputed; that the relation of landlord and tenant never

existed between them, and that there were no contract relations from which that relation could be implied. The case, therefore, comes under repeated decisions in this State, that an action for use and occupation must rely only on a contract, express or implied, where the relations of landlord and tenant exists."

The following cases are cited in support of this position: *Dwight* v. *Cutler*, 3 Mich. 566 (64 Am. Dec. 105) ; *Hogsett* v. *Ellis*, 17 Mich. 351; *Marquette, etc., R. Co.* v. *Harlow*, 37 Mich. 554 (26 Am. Rep. 538) ; *Lockwood* v. *Boom Co.*, 42 Mich. 536 (4 N. W. 292) ; *Henderson* v. *City of Detroit*, 61 Mich. 378 (28 N. W. 133) ; *Ward* v. *Warner*, 8 Mich. 508.

As we understand the plaintiff, he does not claim that the defendant ever contracted with him for the use and occupation of the premises, but it is his claim that the manner in which the defendant came into possession, in itself, made him a tenant of the plaintiff. It appeared at the trial that the Ross Manufacturing Company had been in possession under an oral lease from the plaintiff. The trustee never recognized that lease and never claimed anything for it. It was not considered an asset of the estate, and was not sold. On the contrary, the trustee and the defendant claimed that the conveyance to the plaintiff was fraudulent and void as to creditors.

Our attention has been called to the amendment to the bankruptcy act of June 25, 1910 (36 U. S. Stat. 840), wherein it was provided that:

"The trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon, and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

It is the claim of the appellant that the trustee was therefore, by force of the bankruptcy law, hostile to the plaintiff, and whatever possession he took of the plaintiff's property he took under an adverse claim, and not under any lease to the corporation, and that possession of the defendant was the same as that taken by the trustee. We think that the conduct both of the trustee and of the defendant was consistent with this claim. The trial court in directing a verdict referred to the cases of *Thompson* v. *Sanborn*, 52 Mich. 141 (17 N. W. 730), and *Ducey Lumber Co.* v. *Lane*, 58 Mich. 520 (25 N. W. 568). A reference to those cases will show that in both of them the relation of landlord and tenant existed. In the last cited case the court said:

"The defendant asserted no adverse right to the use or occupancy of the dock, nor did he deny that plaintiff was entitled to compensation for such use."

It is elementary that an action for use and occupation, being founded on contract, express or implied, will not lie where the occupancy of the one sought to be charged has been tortious, he being a trespasser, or has been under an adverse claim, as where he has acquired, and maintained under a different or adverse title, or disputes the present owner's title; and a mere trespasser cannot be made liable for rent as upon an implied contract to pay, by proof that the landlord notified him that he would be expected, if he stayed, to pay rent at a specified rate, and rendered monthly bills therefor, which the occupant refused to pay. 39 Cyc. pp. 860-863, citing many cases, including *Gallagher* v. *Himelberger*, 57 Ind. 63, upon the last point.

We are of the opinion that the cases cited support the position of the defendant, and that they apply to the facts in this case. It follows that the plaintiff cannot recover under his declaration, but that his remedy is by an action of trespass or tort. Whether he

might waive the tort and recover in assumpsit has not been discussed by counsel, and the declaration being really upon the common counts, the statute (section 11207, 3 Comp. Laws) not being referred to or counted upon, nor the fact of the trespass or tort alleged in the declaration, the plaintiff is not entitled to recover upon this theory. *Weidman* v. *Willson*, 153 Mich. 82 (116 N. W. 539).

We are of opinion that the court erred in directing a verdict for the amount indicated, and the judgment of the circuit court is reversed, and a new trial granted.

BROOKE, C. J., and KUHN, OSTRANDER, BIRD, and STEERE, JJ., concurred. MOORE, J., did not sit.

This case was originally assigned to the late Justice MCALVAY.