LEIGHTON *v.* LAMBERT.

1. Principal and Surety—What Included in Statutory Bond.
   Where bond is given under authority of statute, that which is not expressed but should have been incorporated, is included in bond.

2. Same—Vendor and Purchaser—Appeal Bond—Omission of Statutory Requirement.
   In action on bond given on appeal from judgment of restitution, words "or rental value thereof," required by statute to be inserted, will be read into bond, where omitted (3 Comp. Laws 1929, § 14987).

3. SAME—MEASURE OF RECOVERY.
  In action on bond given on appeal from judgment of restitu-
    tion, defendant's claim that measure of recovery should be
    gross rentals less taxes, repairs, etc., is without merit, where
    no claim is made that any of said items were paid by him
    during period of recovery in instant case.

4. APPEAL AND ERROR—PROPRIETY OF PROCEEDING—JUDGMENT.
  Propriety of summary proceedings before circuit court commis-
    sioner, based on forfeiture of contract for sale of both real
    and personal property, is not reviewable in action on appeal
    bond, although it might have been raised in principal suit.

Error to Oakland; Gillespie (Glenn C.), J. Sub-
mitted April 11, 1933. (Docket No. 84, Calendar
No. 35,409.) Decided May 16, 1933.

Assumpsit by William T. Leighton and another
against Paul Lambert and another on an appeal
bond given in proceedings before a circuit court
commissioner. Judgment for plaintiffs. Defend-
ant Lambert brings error.˙ Affirmed.

*Albert McClatchey* and *Harry J. Weber,* for ap-
pellant.

NORTH, J. Plaintiffs were vendors in a land
contract running to defendant Paul Lambert, who
defaulted in payments, and plaintiffs recovered judg-
ment for repossession before a circuit court com-
missioner. Defendant Lambert appealed to the
circuit court and incident thereto gave the statutory
bond executed by himself as principal and by the
defendant Globe Indemnity Company as surety.
Upon hearing in the circuit court the judgment
rendered by the circuit court commissioner was af-
firmed and substantially a month later (March 6,
1930) plaintiffs became repossessed of the property.
This is an action in assumpsit on the appeal bond,

and plaintiffs had judgment. Lambert, the principal on the bond, has appealed.

It is asserted by appellant that plaintiffs cannot recover in an action of assumpsit; and further, that the judgment is erroneous in that damages were assessed on the basis of gross rentals rather than the net proceeds after paying taxes, repairs, etc. As to the first of these issues, appellant's contention is that plaintiffs' suit is for the recovery of damages resulting from his unlawful possession of the premises after the termination of his contractual rights therein. He cites several decisions of this court wherein it has been held that assumpsit for use and occupation cannot be maintained where the relation of landlord and tenant did not exist during the occupancy. See *Hogsett* v. *Ellis,* 17 Mich. 351; *Lockwood* v. *Thunder Bay River Boom Co.,* 42 Mich. 536; *Smith* v. *Haight,* 188 Mich. 512. These cases are not in point because this suit is brought upon the statutory bond given by defendants to plaintiffs, and it is too clear for argument that recovery upon a bond is by action in assumpsit. The statute provides that in cases of this character the appeal bond—

"shall also in addition to the usual conditions of an appeal bond contain a further condition, that if the plaintiff obtain restitution of said premises in said suit, the said defendant will forthwith pay all rent due or to become due the plaintiff for the premises described in the complaint, *or the rental value thereof,* up to the time said plaintiff shall obtain possession thereof, together with costs." 3 Comp. Laws 1929, § 14987.

There is no merit to appellant's claim that the bond in the instant case does not contain the provision that appellant "will forthwith pay    *    *    *

the rental value." The bond is specifically condi-
tioned that the appellant—

"shall prosecute said appeal with all due diligence
to a decision in said circuit court and if a judgment
shall be rendered against him in said court, shall
pay the amount of said judgment, including the costs
of said appeal."

The bond was given by appellant as a statutory
bond, was accepted by appellee as such, and used
incident to the appeal as a statutory bond. The
conditions of the statute must be read into the bond.
In an action on a bond of this character this court
has held:

"Where bond is given under authority of statute,
that which is not expressed but should have been
incorporated, is included in bond.

"Unintentional omission from bond, given on ap-
peal from judgment of restitution, of words 'or the
rental value thereof,' insertion of which is required
by statute, in no way changes obligation of sureties
thereunder (3 Comp. Laws 1929, § 14987)." *August
v. Collins* (syllabi), 260 Mich. 232.

Appellant cites no authorities in support of his
contention that the statutory provision for payment
of "the rental value" means net rentals rather than
gross rentals, nor do we think any such authorities
can be found. Appellant asserts that the measure of
recovery should be gross rentals less taxes, repairs,
etc. No claim is made that appellant paid any of
such items for appellee during the period of re-
covery in this case. The amount found by the trial
judge as to rental value of the property is sustained
by the testimony and will not be disturbed.

Appellant attempts to question the propriety of
summary proceedings before a circuit court com-
missioner based on forfeiture of a contract for the

sale of both real and personal property, it being claimed that the commissioner has no jurisdiction in a case arising from the sale of personal property. This question might have been raised in the principal suit; but it is not reviewable in this action on the appeal bond. In this connection, it may be noted that the surety on the bond has not appealed.

The judgment is affirmed, with costs to appellees.

MCDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.