### *In re* TURNER'S ESTATE.

1. WITNESSES—ESTATES OF DECEDENTS—CLAIM BY MARRIED WOMAN —HUSBAND NOT A PARTY—STATUTES.

> The husband of claimant who filed a claim against an estate for services performed was not a party in interest barred under 3 Comp. Laws 1915, § 12553, from testifying as to the terms of the contract between his wife and decedent, where the services to be performed, and to which he gave his consent, were of the character usually performed by nurses, and not such as are usually performed by a wife in the household of the husband and for his benefit.

2. EXECUTORS AND ADMINISTRATORS—EVIDENCE—ISSUE ON GENERAL APPEAL FROM ALLOWANCE OF CLAIM.

> On a general appeal to the circuit court from the allowance by the commissioners of a claim for services against an estate, testimony by one of the commissioners, offered to prove that the claim was not established by testimony before the commissioners, was properly excluded, since upon such appeal the case is tried *de novo*, and the only issue is the liability of the estate.

3. Appeal and Error — Trial — Instructions — Requests to Charge.

Where the trial judge, in his general charge, fully covered the law applicable to the case, which as a whole was much more favorable to defendant than he was entitled to, he may not complain of it or the refusal to give preferred requests, which contained correct rules intermingled with incorrect ones.

4. New Trial—Election of Counts—Surprise.

Where, on appeal from the allowance of a claim against an estate, defendant's counsel asked at the very beginning of the case that plaintiff be required to elect whether she would seek to recover on an implied contract or on an express one, and plaintiff's counsel promptly elected to rely on an express contract, and no application for continuance or claim of surprise was made, it is too late to raise the question for the first time on a motion for new trial that defendant was unprepared to meet the claim of an express contract.

Error to Ingham; Collingwood (Charles B.), J. Submitted December 20, 1921. (Docket No. 192.) Decided February 8, 1922.

Cora Turner presented a claim against the estate of Eliza M. Turner, deceased, for services rendered. The claim was allowed by the commissioners, and H. Wesley Turner appealed to the circuit court. Judgment for claimant. Contestant brings error. Affirmed.

*T. Rogers Lyons*, for appellant.

*Frank L. Dodge* and *Leonard B. Gardner*, for appellee.

Plaintiff, Cora Turner, is the wife of Howard Turner. He and H. Wesley Turner are sons of decedent, Eliza M. Turner. Mrs. Turner was a long time resident of Lansing and died in September, 1919, at the age of 84 years. Plaintiff filed a claim against the estate for nursing and care

furnished deceased during her lifetime from the latter part of 1914 until her death. The commissioners allowed her claim but offset some thousand dollars against it. Dr. Frank N. Turner, a relative of the deceased, was the executor and declined to appeal from the allowance. A general appeal was taken by H. Wesley Turner. The testimony discloses that Mrs. Turner was an invalid for many years before her death. She had a cancerous growth on her face, had a tubercular ulcer on her left leg, raised considerable phlegm and pus, one of her lungs was tubercular; she had attacks of diarrhea and required constant care and attention. The testimony shows without dispute that plaintiff nursed and cared for deceased during the period covered by the claim to the entire satisfaction of deceased and that such services were reasonably worth $25 a week. Her claim was for $15 a week. Dr. Turner was decedent's physician. His testimony unequivocally establishes an express contract between plaintiff and decedent made with the approval of plaintiff's husband for the services and payment therefor. He is supported by the testimony of plaintiff's husband. This testimony discloses that there came a time in Mrs. Turner's life when by reason of her afflictions she required, and in all human probability would require during the balance of her life, constant care and attention. Plaintiff with the consent of her husband agreed to furnish that care and attention and deceased agreed to pay for it. She was told that it might be $25 a week and agreed to pay that amount. The case was tried and submitted to the jury solely on the theory of an express contract. The jury found with the plaintiff.

FELLOWS, C. J. (*after stating the facts*). Upon the authority of *In re De Spelder's Estate*, 181 Mich. 153, the testimony of plaintiff's husband was properly received in evidence. The services to be performed by

plaintiff and which were performed by her were her personal services of the character usually performed by nurses. They were not such services as are usually performed by the wife in the household of her husband as his helpmeet and for his benefit. Nor were they such assistance as may be given in case of temporary illness. They covered a period of years and were performed under an express contract made directly with deceased by plaintiff. Mr. Justice STONE, who wrote the opinion in the case above cited, there fully reviews the authorities and we need not go over them again. It was not error to admit this testimony.

Defendant's counsel called one of the commissioners and sought to prove that the claim was not established before the commissioners by testimony. Upon objection by plaintiff's counsel, this was excluded. Error is assigned on this ruling and much space is taken in the brief with the discussion of this question. We do not understand that there was any irregularity in the report of the commissioners. The appeal was a general one. Upon such appeal the case was tried *de novo,* and the issue, and the only issue, was the liability of the estate. What the award of the commissioners was or upon what they based their award were not questions to be disposed of on this general appeal from their allowance. While it is true that the claim may not be changed on appeal (*Raub* v. *Nisbett,* 111 Mich. 38) the record discloses that defendant's counsel was not seeking to prove that plaintiff had changed her theory of the case but was seeking to show that the claim had been allowed without sufficient proof. This issue was not triable on this general appeal.

Several requests were preferred by defendant's counsel. Some of the requests contained correct rules intermingled with incorrect ones. The trial judge fully covered in his general charge the law applicable

to the case.    He made the case hinge entirely upon the question of whether there was an express contract.    While he might with propriety have told the jury that if they found there was an agreement to employ plaintiff and pay her what the services were reasonably worth she could recover what the proofs showed they were reasonably worth, not to exceed the amount of the claim, by his charge he put a greater burden upon her than this.    Indeed the charge as a whole was much more favorable to defendant than he was entitled to.    He cannot complain of it or the refusal to give the preferred requests.

A motion for a new trial was made.    It was supported by affidavits.    Counter-affidavits were filed raising quite definitely questions of veracity.    The trial judge denied the motion.    We find no occasion to disturb his conclusion.    The overwhelming weight of the evidence was with the plaintiff.    Defendant's counsel claims that he was unprepared to meet the claim of an express contract, that he had been informed the plaintiff would rely on an implied contract.    This was denied.    Without passing on the credibility of the affiants it will suffice to say that at the very beginning of the case defendant's counsel asked that plaintiff be required to elect whether she would seek to recover on an implied contract or an express one.    Plaintiff's counsel promptly elected to rely on an express contract.    No application for continuance was made nor was there any claim then made of surprise and the trial proceeded.    It is pretty late to raise the question for the first time on a motion for a new trial.    See *Johnson* v. *Doon*, 131 Mich. 452.

All of the assignments of error have been considered.    We find no reversible error.

The judgment will be affirmed.

WIEST, STONE, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.