SCHRAM v. GOLDSMITH.

1. EVIDENCE—IDENTITY OF DECEDENT AND JUDGMENT DEBTOR.
   In bank receiver's proceeding against estate of party who had assumed a mortgage against real estate, to recover deficiency after foreclosure, identity of decedent and judgment debtor was established by a preponderance of the evidence.

2. ESTATES OF DECEDENTS—COMMISSIONER ON CLAIMS—APPEAL TO CIRCUIT COURT—TRIAL DE NOVO.
   The trial in a circuit court upon appeal from allowance of a claim against an estate of a deceased person by commissioner on claims is *de novo*.

3. SAME—ALLOWANCE OF CLAIMS—APPEAL TO CIRCUIT COURT—EVIDENCE—HARMLESS ERROR—TESTIMONY BY COMMISSIONER ON CLAIMS.
   On trial of appeal from allowance of claim, based on deficiency decree against decedent under mortgage upon which she had assumed liability, permitting commissioner on claims to testify as to whether or not he had allowed the claim *held*, harmless error in view of the fact that other evidence properly introduced was so overwhelmingly in favor of judgment creditor.

Appeal from Wayne; Taylor (Mark D.), J., presiding. Submitted April 4, 1944. (Docket No. 6, Calendar No. 41,694.) Decided May 17, 1944.

In the matter of the estate of Rose Aronovsky, also known as Rose Aronofsky, Aronowsky or Minkovsky, deceased. B. C. Schram, receiver of First National Bank-Detroit presented his claim based on deficiency decree. Claim allowed. Jules Goldsmith, administrator, appealed to circuit court. Claim allowed. The administrator appeals. Affirmed.

*Robert S. Marx, Carl Runge, Lawrence I. Levi* and *Orville J. Thill,* for plaintiff.

*O'Hara, Montgomery & Amberson* and *Irving W. Goldsmith,* for defendant administrator.

BUTZEL, J. Plaintiff, as receiver of the First National Bank-Detroit, secured a deficiency decree of $3,652.14 against Rose Aronofsky in the United States court for the eastern district of Michigan and subsequently filed a claim based thereon against her estate in the probate court for Wayne county. The claim was duly allowed. In the claim filed, the estate is described as that of Rose Aronofsky, alias Rose Aronovsky, Aronowsky, or Minkovsky, deceased. The deficiency judgment had been rendered against Rose Aronofsky. In the petition to appeal to the circuit court signed by Dr. Goldsmith, the administrator, and also in the affidavit of his attorney, the estate is also described as that of Rose Aronovsky, also known as Rose Aronofsky, Rose Aronowsky or Minkovsky.

A judgment for the full amount of the claim was entered in accordance with the verdict of the jury in the circuit court. The administrator, as the appellant in this court, claims the receiver did not prove by sufficient evidence that the judgment debtor in the Federal court was the same as the person who subsequently died and against whose

estate the claim was allowed. Rose Aronofsky became liable for a mortgage debt when, upon becoming grantee of property described as 8762–8764 Cameron avenue, Detroit, Michigan, she assumed a mortgage against the property. Upon opening a savings account at a nearby bank a few months after she bought the property, she gave her residence as 8762 Cameron avenue, and because of her inability to write, she impressed her finger prints on the signature card. A number of years later, she opened an account at a different bank under the name of Rose Minkowski and gave her address as 8780 Cameron avenue. Again she impressed her finger prints on the deposit card. It was shown that the finger prints on the two cards were identical; in fact, the proceeds of the Minkowski bank account were inventoried and received by the administrator as part of the assets of the estate of Rose Aronofsky. It was further shown that she moved from 8762 to 8780 Cameron avenue in 1935, or thereabouts, after the bank had taken over the property shortly after the foreclosure of the mortgage. It was shown further that the estate of Rose Aronofsky received the proceeds of a policy in the Metropolitan Life Insurance Company which had been issued to her in that name and which gave her address as 8775 Cardoni but in the request for reinstatement she gave her address as 8762 Cameron. The records of the Metropolitan Life Insurance Company show that she had lived at 8762 Cameron.

While the appellant at the trial sought to draw certain inferences from the business dealings between the receiver and decedent, both before and after the rendition of the deficiency decree, he does not attach any importance to such inferences in his brief. We shall not further review the testimony. It is so overwhelmingly in favor of the plaintiff that

if the jury had rendered a verdict for defendant, we unhesitatingly would have set it aside as against the great weight of the evidence. The testimony preponderates in favor of plaintiff, not against him.

The sole other claim of error is the fact that the commissioner on claims of the probate court, when called by defendant in order to produce the original claim as filed, was asked on cross-examination by the attorney for plaintiff whether he allowed the claim. The trial in the circuit court is *de novo* and the judge should have sustained the objection which was timely made by defendant. As we stated in *Re Turner's Estate,* 217 Mich. 359:

"Upon such appeal the case was tried *de novo,* and the issue, and the only issue, was the liability of the estate. What the award of the commissioners was and upon what they based their award were not questions to be disposed of on this general appeal from their allowance."

However, the error complained of was harmless in view of the fact that the other evidence properly introduced was so overwhelmingly in favor of plaintiff that there could be no question about defendant's liability. Defendant practically offered no testimony contradicting that of plaintiff. Under the circumstances, the error complained of was harmless and did not result in a miscarriage of justice. *Miskiewicz* v. *Smolenski,* 249 Mich. 63; *Cook* v. *Vineyard,* 291 Mich. 375.

Judgment affirmed, with costs to plaintiff.

North, C. J., and Starr, Wiest, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.