## Lawrence Dalton v. Charles Laudahn.

*Use and occupation of lands : Actions upon contract.* The action for use and occupation of lands is one arising upon contract, and rests on the agreement to pay rent, made expressly, or implied from the tenancy.

*Use and occupation of lands: Lease: Seal: Assumpsit.* Under our statute (*Comp. L., 1871, § 6194*) an action of assumpsit will lie for such use and occupation on a lease under seal.

*Action on lease: Action for use and occupation: Declaration.* The only difference in substance between an action directly on the terms of a lease and an action for use and occupation is that in one the declaration is special and in the other general; the purposes of both actions are the same, and both are alike actions arising upon contract.

*Special appeals: Admission of evidence: Statute construed.* Special appeals will not lie under our statute (*Comp. L., 1871, § 5432*) to review errors of a justice in admitting evidence not competent under the declaration; the objections to such admission would be available on the trial at the circuit.

*Heard October 9. Decided October 13.*

Error to Wayne Circuit.

*F. A. Baker,* for plaintiff in error.

*Otto Kirchner,* for defendant in error.

CAMPBELL, J.

Laudahn sued Dalton before a justice, for use and occupation of lands, and recovered judgment, which was reversed on special appeal, on the ground that assumpsit would not lie on a lease under seal.    Error is brought upon the judgment of reversal.

The action for use and occupation is regulated by statute in England and in some of the United States, and is confined in terms by those statutes to leases not under seal.—*Wood v. Wilcox, 1 Denio, 37.*    It is held in this state to lie at common law, and to be practically an action upon agreement, express or implied.—*Dwight v. Cutler, 3 Mich., R., 566.*    In *Codman v. Jenkins, 14 Mass. R., 93,* which is one of the early cases in which the right of recovery at common law is asserted, it was held not to lie upon a sealed demise, and the only reason given was based upon the common-law incidents of the different classes of contracts.    The action is an action on contract, and may be upon contract express or implied.    Cases above and *Taylor L. & T., § 636.*    It is a form of assumpsit, and rests on the agreement to pay rent, made expressly, or implied from the tenancy.

No reason can be suggested for refusing the action upon a sealed demise, except that assumpsit will never lie at common law on a sealed agreement.    Where the tenancy is under an express lease, the rent recovered must always be the rent agreed upon, and is governed by the instrument.

Our statute authorizing actions of assumpsit extends to " all cases arising upon contracts under seal or upon judgments, when an action of covenant or of debt may be maintained " " in the same manner, in all respects, as upon contracts without seal."—*C. L., § 6194.*

The plain purpose of this statute is to remove the purely technical distinction formerly existing, and to put all these contracts on the same footing where parties desire to sue in assumpsit.    It would be, we think, a violation of its terms, to make an exception of leases.    The only difference

in substance between an action directly on the terms of a lease, and an action for use and occupation, is that in one the declaration is special, and in the other general. The purposes of both actions are the same, and both are "actions arising upon contract." We think the action lies upon sealed, as well as unsealed leases.

As the declaration before the justice was open to no legal objection, the error complained of by the appellant, who took up the case to the circuit, was confined to the admission of evidence not competent under the declaration. If the objection had been well taken it was one which would have been equally valid upon a trial at the circuit. Special appeals can only lie to review the action of a justice on points "which would not be allowed to be made on the trial of the appeal."—*C. L.,* § *5432; McGraw v. Sturgeon, 29 Mich. R., 426.*

The circuit court erred in its judgment. Judgment of reversal must be entered, with costs against appellant and his sureties, and the case remanded to the circuit for trial.

The other Justices concurred.