MARQUETTE, HOUGHTON & ONTONAGON RAILROAD COMPANY v. AMOS R. HARLOW.

*Action for Rent does not lie on an Adverse Holding.*

Assumpsit for use and occupation is based on some contract relation as of landlord and tenant, and rests on an express or implied agreement to pay rent during the tenancy.

One cannot sue a railroad company for rent, who has never consented to their using his land, and has warned them that they went upon it at their peril and had no right in the soil.

One cannot assert rights adverse to another's and at the same time claim from him the obligations arising out of a tenancy by contract.

Error to Marquette. Submitted Oct. 19. Decided Nov. 1.

ASSUMPSIT against the railroad company for use and occupation of land. The facts are in the opinion.

*W. P. Healy* and *Hoyt Post* for plaintiff in error. One who enters under a contract of purchase is a tenant at will, but is not liable for rent so long as the contract remains open and no notice to quit, or pay rent, or warning of forfeiture has been given, *Hogsett v. Ellis*, 17 Mich., 365; *Dwight v. Cutler*, 3 Mich., 566; *Wilmarth v. Palmer*, 34 Mich., 347; *Keating v. Bulkely*, 3 E. C. L., 411. An action for use and occupation would not lie against a railroad company that took possession of land and began work on it with the owner's assent, but with no expectation that it was to be his tenant, and failed to perform its agreement to have the land appraised and title perfected according to its charter. *Stacy v. Vermont Cent. R. R.*, 32 Vt., 553. Evidence of inconvenience and damages from a railroad running across one's land is improper in an action for the rent of it. *Gilhooley v. Washington*, 4 N. Y., 217; *Edwards v. Hetherington*, 7 Dow. & Ry., 117.

*F. O. Clark* for defendant in error. Entry into the possession and occupancy of another's land is *prima facie* evidence of a tenancy, *Keyes v. Hill*, 30 Vt., 759. The mere occupation of land with the owner's connivance will enure as a tenancy from year to year, or at will, *Benson v. Bolles*, 8 Wend., 175; *Jackson v. Miller*, 6 Wend., 228; *Graves v. Porter*, 11 Barb., 592; Taylor's Landl. and T., § 19; n. 4.

CAMPBELL, J. Harlow sued the railroad company for rent for the use and occupation of land occupied for the track. There was no evidence of any agreement to pay as declared for under a special count, and the only question of liability arose out of what was claimed to be an implied obligation.

Mr. Harlow's own testimony was all that bore distinctly on what he claimed to be the relations of the parties. His showing was that the land was entered upon without his consent or knowledge; but that when the company had taken possession he gave consent to building and grading the road, but told them they were "to gain no rights of the soil; that in allowing them to grade they were to gain

no rights whatever." He further testified that no agreement was ever made for the payment of rent, or for the use and occupation of the strip of land; that he never offered to make a deed, and the company never asked for one; that he never gave them any notice that he would forfeit any rights which they might have, and never asked them for rent until very recently.

On cross-examination he testified that the company proposed to pay him liberally for the right of way, and that what he expected was to get what a jury should determine as its value unless otherwise agreed; that he gave no consent except that they should go on at their peril and have no rights, and that as he knew the road could take the land by legal proceedings if they chose, he only expected what a jury would award him, unless they agreed. That he had repeatedly told the company they were trespassers, but had never given them notice to quit.

The action for use and occupation is based on some contract relation whereby the parties stand on the footing of landlord and tenant, and rests upon an express or implied agreement to pay rent during the tenancy. *Dalton v. Laudahn*, 30 Mich., 349; *Hogsett v. Ellis*, 17 Mich., 351.

It is impossible to infer such a relation from the facts in this case. Harlow never expected to get rent, and never had any expectation of getting any settlement except for the entire appropriation of the land. He repudiated any rights in the company to remain in possession. He chose to keep himself in an adverse position, and not under contract. There could be no plainer denial of any privity than he has given. It needs no discussion to determine that a party who asserts adverse rights, cannot at the same time claim the existence of rights or duties arising out of a tenancy by contract. *Ward v. Warner*, 8 Mich., 508.

The court erred in treating the case as one of landlord and tenant. Judgment must be reversed and a new trial granted.

COOLEY, C. J., and GRAVES, J., concurred.

MARSTON, J., did not sit in this case.