JAMES K. LOCKWOOD v. THUNDER BAY RIVER BOOM COMPANY.

*Action for use and occupation—Waiver of tort and suit in assumpsit—Contract relation—Estoppel—Agency of corporate officers.*

An action for use and occupation will not lie except where there is an obligation to pay rent by virtue of a contract relation as of landlord and tenant.

An adverse relation cannot be turned into a contract relation, either express or implied, unless some duty exists on the part of the party occupying it, upon which the law permits the fiction of a contract so as to simplify the redress.

A contract for use and occupation cannot be made out unless the person charged as tenant has either accepted possession from the landlord, or done some other act in plain recognition of the relationship or which equitably estops him from denying it.

A corporation cannot be held to have contracted unless by such agents or officers as have express or implied authority.

Individual directors of a corporation cannot bind it.

Assumpsit does not lie at common law to recover the value of chattels obtained by means of a trespass.

Act 165 of 1875 permitting one to waive a trespass on lands and bring assumpsit, only applies to cases where damages have been sustained, and the declaration must show that the damages accrued from the trespass.   The action cannot rest upon any theory of a contract, as for use and occupation.

Error to Alpena.   Submitted Jan. 9.   Decided Jan. 23.

ASSUMPSIT.   Plaintiff brings error.

*Turnbull & McDonald* for plaintiff in error.   Where a man is in possession of land which belongs to another, an obligation to pay rent will be implied unless there is an express disclaimer that he holds under the owner, *Jackson v. Mowry,* 30 Ga., 143; *Dell v. Gardner,* 25 Ark., 134; *Hull v. Vaughan,* 6 Price, 157; if he entered as a trespasser, but afterward consented to hold under the owner, it would be enough, *Ackerman v. Lyman,* 20 Wis., 478; a trespass on land may be waived and assumpsit brought for the value of its use, Cooley on Torts, 95; *Church v. Imp. Gas Light Co.,* 6 Ad. & E., 854.

*Kelley & Clayberg* for defendant in error.   Torts may be waived and assumpsit brought at common law only where a person has converted another's property to his own use, *Fiquet v. Allison,* 12 Mich., 328; *Welch v. Bagg,* 12 Mich., 42; and where he has sold or disposed of it without lawful authority and converted the proceeds to his own use, *Lamine v. Dorrell,* Ld. Raym., 1216; *Miller v. Miller,* 9 Pick., 34; *Gilmore v. Wilber,* 12 Pick., 120; *Staat v. Evans,* 35 Ill., 455; *Lord v. French,* 61 Me., 420; but where an act is a naked trespass, assumpsit cannot lie, *Moses v. Arnold,* 43 Ia., 187; *Noyes v. Loring,* 55 Me.,

408; possession alone is not evidence of tenancy, Taylor's L. & T., §§ 21–5; the use of an unimproved river bank in moving rafts does not make the owner of the raft the tenant of the riparian owner, *Hall v. Jacobs*, 7 Bush, 595; *Stewart v. Fitch*, 2 Vroom, 17.

CAMPBELL, J.   Plaintiff sued defendant for the use and occupation of booming grounds in front of his lands on Thunder Bay River.   The occupation consisted of filling up the river with logs, which were kept back by a large boom which they had below crossing the stream, the effect of which was to leave their logs lying in that part of the stream belonging to plaintiff.

The testimony showed that there had never been any agreement for the occupation of this property, but that plaintiff had repeatedly told members of the company, individually, and at a company meeting, that they must pay for the use if they occupied the premises.   The company is not shown to have taken any action on the subject, but some of the directors appear to have told the superintendent not to use it.   The first interference with plaintiff was the destruction of his boom by the jamming of logs caused by defendant's boom below, and in his complaints to the company and its members he also claimed damages for this.   The sum which plaintiff insisted he should be paid if they used it was $300 a year.   Plaintiff, among other acts, asked the manager what they meant by using the premises, and if they intended to continue the use.   The manager replied they did, as they could not well get along without it.   Plaintiff told him they must pay for it, and was answered that it was for the Boom Company to decide, and not for the manager.

It has been uniformly held in this State that an action for use and occupation will not lie except where a contract relation exists of landlord and tenant, by virtue of which an obligation exists to pay rent.   *Dwight v. Cutler*, 3 Mich., 566; *Hogsett v. Ellis*, 17 Mich., 351;

*Dalton v. Laudahn,* 30 Mich., 349; *Wilmarth v. Palmer,* 34 Mich., 347; *Marquette, Houghton & Ontanagon R. R. Co. v.* 37 Mich., 554.

While there are some cases in which tort may be waived and assumpsit brought, this doctrine has not been applied to trespass on lands, except under a statute which will presently be referred to. Usually no adverse relation can be turned into a contract relation, express or implied. The exceptions are only apparent, and do not rest on the idea that a contract has been created, but upon some duty on which, for purposes of convenience, the law has allowed a fiction of a contract to simplify the redress. See *Ward v. Warner,* 8 Mich., 508; *Watson v. Stever,* 25 Mich., 386.

Unless the person charged as tenant has either accepted possession from the landlord, or done some other act in plain recognition of the relationship, or whereby he is equitably estopped from denying it, no contract can be made out. In the present case the action sued upon has been a long continued series of similar acts, which began in what is claimed by plaintiff to have been a trespass, whereby his boom was destroyed, and which have been continued without asking or accepting permission or admitting any tenure or obligation to pay rent.

If there has been any responsibility to plaintiff it is to respond in damages for a wrong and not to pay a contract obligation. A careful inspection of the record fails to show any act or thing whatever which indicates that the defendant ever did anything under recognition of tenancy. A corporation cannot be held to have contracted unless by such agents or officers as have express or implied authority. In the corporate meeting there was no response indicating an acceptance or recognition of plaintiff's claim or offer. The manager declined to act without authority from the corporation. Individual directors have no power whatever to bind a corporation. There was clearly no actual tenancy. The question then arises whether the law is changed by the statute of 1875.

Laws 1875, p. 193. That statute, so far as it gives a right of action, is very short, and the first section reads as follows: "In all cases where a party has a right of action for the taking of timber or other trespass on lands, it shall be lawful for the party having such right of action to waive the tort and bring assumpsit." The statute is entitled "An act to facilitate the collection of damages for trespass on lands."

This statute was chiefly intended to remedy the difficulty arising under the rule recognized in *Watson v. Stever*, before cited, which denied a right of action in assumpsit for property taken by trespass but not converted into money, which, if sold, the original owner might, if he chose, treat the proceeds as money had and received to his use, inasmuch as it was the price received for his property on an unauthorized sale which he was allowed to affirm. But there is no common law action of assumpsit for chattels had and received by wrong, and no method, therefore, of reaching such a case without going further in the way of legal fiction than could be done without legislation.

This statute is very broad in its language, and may perhaps allow a recovery for damages arising out of any trespass on lands in assumpsit. But it does not purport to make contracts in fact, or to allow anything to be sued for except as damages sustained by the trespass. It simply operated to provide that, when a trespass has been committed whereby damages accrue the duty to pay those damages may be treated as a debt or implied agreement.

To bring any case within the statute the damages must be shown in the declaration to have accrued out of a trespass. The statute gives no warrant for making any suggestion which is false in fact, or for turning an adverse holding into a contract of tenancy.

The numerous questions of evidence, and particular rulings in regard to the relative rights of the parties to the use of the stream, become unimportant, inasmuch

as the form of action is misconceived.  The court below correctly ruled that an action for use and occupation could only spring from an actual tenancy.  As already suggested, there was nothing tending to show such a tenancy.  If not, then it made no difference whether a good cause of action existed for a different method of redress.  It would be entirely improper for us to discuss such a case until it arises.

The judgment for defendants in error must be affirmed with costs.

The other Justices concurred.