GEORGE L. BEECHER ET AL., ADMINISTRATORS, ETC., V.
HENRY M. DUFFIELD ET AL.

*Landlord and tenant—Ouster—Estoppel—Use and occupation—
Pleading.*

1. Where tenants continue in the occupation of the leased prem-
   ises, without offering to surrender them, after egress has been
   cut off on one side by the erection of a fence by the lessor
   across an adjoining street, they are estopped from claiming that
   the erection of the fence constituted an ouster.
2. An action for use and occupation can be maintained on a lease
   under seal; citing *Dalton v. Laudahn,* 30 Mich. 349; *Conkling
   v. Tuttle,* 52 Id. 630.

Error to Wayne.  (Hosmer, J.)   Argued October 11, 1893.
Decided November 10, 1893.

*Assumpsit.*  Defendants bring error.  Affirmed.  The facts
are stated in the opinion.

*James H. Pound,* for appellants.

*Henry M. Cheever,* for plaintiffs.

MONTGOMERY, J.   This is an action for use and occupation.

The defendants held possession under a written lease made by plaintiffs' intestate, Luther Beecher, in 1885, for the term of five years from January 1, 1886.   The premises are located in Detroit, having a frontage on Michigan avenue, and extending across the block to Church street. On one side is an alley opening into Tenth street.   Church street is referred to in the description as one boundary of the lands.   In the fall of 1888, Mr. Beecher, for the purpose of asserting title against the city, built a fence across Church street, which shut off egress from the property on this side.   There was a brick building on the property fronting on Michigan avenue.   The rear portion was fenced, with gates opening into Church street for the use of teams. The property was originally rented for a zoological garden, and was used for that purpose until some time in 1886, when, the venture proving a failure, its use for that purpose was suspended.   The defendants, however, continued to keep the premises, by their tenants, up to the termination of the lease.   No offer to surrender was made.

It is now claimed that the fencing of Church street constituted an ouster.   But we think it very clear that, even if the defendants had been entitled to treat this as an ouster, in continuing in the occupation of the premises they have estopped themselves from so doing.   If the rental value of the premises was decreased by the act of Mr. Beecher, it may be that defendants would be entitled to recoup the damages which they have suffered by reason of his interference with their rights; but there was no basis furnished by the testimony for such damages.   No evidence was offered tending to show what the rental value

of the premises would be in the absence of such interference on Mr. Beecher's part, nor to what extent the encroachment impaired the rental value.

It is contended that the action for use and occupation could not be maintained on a written lease under seal.[1] But the rule is settled otherwise in this State. See *Dalton v. Laudahn*, 30 Mich. 349; *Conkling v. Tuttle*, 52 Id. 630. , The circuit judge directed a verdict for the plaintiffs. In this we think he was right. .

The judgment will be affirmed, with costs.

The other Justices concurred.

---

[1] The declaration contained the common counts and a count for use and occupation, amplified by a bill of particulars made up of the quarterly installments of rent due on the lease.