JOHNSON *v.* DOON.

1. PRINCIPAL AND AGENT—AUTHORITY—EVIDENCE.
   Evidence, in an action for the purchase price of property,
   reviewed, and *held* sufficient to justify a finding that the
   person buying it was still agent for defendants, notwithstand-
   ing their claim of a previous revocation of his authority.

2. SAME—STATEMENTS OF AGENT—CROSS-EXAMINATION.
   Testimony of plaintiff's witness as to what P. told him about
   his agency is made admissible by its being first drawn out on
   defendant's cross-examination of the witness that P. "told
   him of the arrangement he had made, whom he was working
   for, and all about it."

3. NEW TRIAL—ABSENCE OF WITNESSES—ABUSE OF DISCRETION.
   The denial of a motion for a new trial, based on the alleged
   inability of defendants to secure the attendance of their wit-
   nesses, *held* not an abuse of discretion; defendants having
   failed to make a satisfactory showing of diligence.

Error to Hillsdale; Chester, J. Submitted April 10,
1902. (Docket No. 54.) Decided September 30, 1902.

*Assumpsit* by Addison E. Johnson and others against
James W. Doon and Frederick J. Doon, copartners as
J. W. Doon & Co., for goods sold and delivered. From a
judgment for plaintiffs, defendants bring error. Affirmed.

*C. A. Shepard* and *B. E. Sheldon*, for appellants.

*Fellows & Chandler*, for appellees.

MOORE, J. The plaintiffs recovered a judgment against
defendants for $225.30. The defendants have brought the
case here by writ of error. It is claimed the court should
have directed a verdict in favor of defendants.

The plaintiffs are farmers residing in this State. Defend-
ants reside in Worcester, Mass., and are dealers in hay.
Mr. William Pratt lived near Hudson, Mich., and made
an arrangement with defendants by which he was to buy

hay for them. It is claimed by plaintiffs that, while he was the agent of defendants, they sold him the hay for which this suit was brought. It is claimed by defendants that Mr. Pratt was never authorized by them to buy hay on credit; that, before the transaction in question, the agency of Mr. Pratt had been terminated; that the hay was sold to Mr. Pratt personally, and not to him as the agent of defendants.

We cannot say, as a matter of law, which of these claims was established. It was shown that, after Mr. Pratt made his arrangement with defendants, he visited a bank, presumably for the purpose of doing business with it. The bank caused a letter to be written to defendants, and under date of August 11, 1900, received a letter, in which it was stated:

"*Dear Sir:* Your letter of the 10th inst. at hand, and contents noted. We have engaged Mr. W. J. Pratt, of Prattville, Mich., to work for us on a salary, and we will pay the drafts which he may make on us with bills of lading attached.　　　　　　　Yours very truly,
　　　　　　　　　　　　"J. W. DOON & Co."

It was also shown that Mr. Doon came on to Michigan, and rode about with Mr. Pratt, and represented that Pratt was buying hay for his firm. To use Mr. Doon's language:

"I gave the farmers to understand that he was going to buy hay for me; yes, sir. I told the farmers that, if they sold Mr. Pratt any hay, they were to get their cash for it."

It was also shown that Mr. Pratt bought hay of a number of farmers, and stored it in what was known as the "mill property" at Prattville, and after this suit was commenced the hay was claimed by defendants, and in at least one instance a balance which was unpaid on the hay by Mr. Pratt was paid by Mr. Doon. It is true Mr. Doon testified that the authority of Mr. Pratt was terminated before this hay was bought, and that his firm never received the hay; but it is claimed that his testimony was inconsistent with statements he made at the time the hay

was attached, and we are not prepared to say it was not. We think the testimony made a question for the jury as to whether the agency existed when the hay was sold.

Complaint is made about the admission of the testimony of Mr. Bryant as to what Mr. Pratt told him about the agency. If there was a doubt about the testimony, we think it was made admissible by the fact that it was first drawn out on the cross-examination that "after Pratt came back from the East he told me the arrangement he had made, and who he was working for, and all about it."

Error is assigned upon the refusal of the court to give certain requests to charge. We think these requests, so far as they were proper, were fully covered in the general charge of the court.

After the verdict was rendered, a motion was made for a new trial. This motion was overruled, and this is assigned as error. The motion was based upon affidavits, which showed that one of the defendants had stated to their counsel what he expected to prove by witnesses living at Clayton, Hudson, and Prattville, which testimony would make a defense; that, at the time of the attachment proceeding, he saw one of his attorneys for but a short time, and arranged that he was to be notified in ample time to get ready for trial; that he received no notice until September 11th, when he was at Indianapolis; that he came to Hillsdale as soon as he could, arriving there September 12th, and found the trial then in progress, and upon the evening of that day he did all he could by 'phone to learn from parties at Hudson, Prattville, and Clayton what they might know, and to persuade them to attend court in the morning. It was also made to appear that one of the attorneys, who had recently been called into the case, and given charge of it, on September 3d wrote defendants the case had been set for September 11th, and, supposing defendants lived at Providence, R. I., wrote them there, and the letter was returned September 12th to the writer; that on the morning of September 10th one of the attorneys received a letter from Mr. Doon that he

would be in Indianapolis, and telegraphed him, and the attorneys did all they could to get him there.   The trial occurred at Hillsdale.   Counter affidavits were filed, showing that this case was commenced by attachment in March; that Mr. Doon came on from Massachusetts, and secured a release of the property, and was about Hudson and Prattville for at least a week, and that during that visit he employed counsel; that the attorneys for said defendants stated in open court the last day of the trial that they had made an effort to get witnesses from Hudson and Clayton by telephone, but that they did not have subpœnas issued, and did not endeavor to have subpœnas served upon any of the parties whom they desired as witnesses; that said attorneys for said defendants stated that the parties they had endeavored to secure were E. H. Cogswell, Mr. Gale, and Mr. Cole; that a train ran east from Hillsdale at 9:15 p. m.; that Hudson is east from Hillsdale about 16 miles, and Clayton about 22 miles; and that a train was due from the east about 9 o'clock a. m. It further appeared that, after Mr. Doon arrived, no application was made to postpone the case because Mr. Doon was not ready for trial, but the case was allowed to proceed; Mr. Doon testifying at length, giving his version of the transaction.   When a lawsuit is commenced, the parties to it are not justified in waiting until the case is about to be tried before looking up their testimony.   Under the facts disclosed by the record, we are not prepared to say the circuit judge did not properly exercise his discretion in refusing a new trial.

Judgment is affirmed.

HOOKER, C. J., GRANT and MONTGOMERY, JJ., concurred.