*In re* VHAY'S ESTATE.

WILLS—UNDUE INFLUENCE—EVIDENCE OF CONTINUING UNDUE INFLUENCE ADMISSIBLE.

> In a will contest case, there was no error in admitting testimony of claimed acts of undue influence seven months subsequent to the execution of the will, since the continuance of undue influence may properly be shown.

Error to Wayne; Goff (John H.), J.    Submitted October 23, 1923.    (Docket No. 103.)    Decided November 13, 1923.

Annie Gies presented for probate the last will of John Vhay, deceased.    The will was allowed in the probate court, and Arthur J. Vhay and another appealed to the circuit court.    Judgment for contestants. Proponent brings error.    Affirmed.

*Edward N. Barnard,* for appellant.

*William Henry Gallagher,* for appellees.

MOORE, J.    The contestants are the children of John Vhay who died in September, 1920, leaving a will drawn in February, 1920, which will gave to each of the contestants the sum of one dollar, and to Annie Gies, who was not related to Mr. Vhay, all the rest of his property.    The contestants contested the will, claiming among other reasons that Mr. Vhay was incompetent to make the will, and also that he had been unduly influenced by Annie Gies, to make the will in her favor.    The will was disallowed in the circuit court, and the case is brought into this court by writ of error.

The will in controversy is the same one mentioned

in the opinion in the case of *Vhay* v. *Gies,* 218 Mich. 394, and a reading of that opinion will help one to understand the questions involved in the instant case.

Counsel for the appellant has grouped the assignments of error as follows:

(1) The wrongful admission of certain claimed acts of undue influence seven months subsequent to the execution of the will.

(2) Overruling motion to direct verdict.

(3) The question of the weight of the evidence.

(4) Certain miscellaneous rulings as to admission of testimony.

The first group is the only one calling for discussion. The testimony of subsequent acts tending to show the continuance of undue influence was properly admitted under the following cases: *Porter* v. *Throop,* 47 Mich. at p. 325 *et seq.; Haines* v. *Hayden,* 95 Mich. 332 (35 Am. St. Rep. 566) ; *Walts* v. *Walts,* 127 Mich. 607; *Spencer* v. *Terry's Estate,* 133 Mich. 39; *In re Hillman's Estate,* 217 Mich. 142.

The case was tried with care. There was an abundance of testimony to justify the verdict of the jury.

The judgment is affirmed, with costs to the appellees.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.