## VHAY *v*. GIES.

1. USE AND OCCUPATION—ACTION—TRESPASS ON CASE APPROPRIATE ACTION WHERE LAND UNLAWFULLY WITHHELD.

   Although recovery for the use and occupation of land unlawfully withheld may not be had under a count in assumpsit, plaintiff is not without remedy, nor is his only remedy one incident to an action of ejectment, but his remedy is by an action of trespass or tort.[1]

2. APPEAL AND ERROR—PLEADING—AMENDMENT OF DECLARATION TO SAVE JUDGMENT—COURT RULES.

   Where plaintiff's declaration counted in assumpsit for the use and occupation of land unlawfully withheld, when it should have counted in trespass on the case, but the measure of damages under either count is the same, viz., the rental value, the declaration is amended, on appeal,

---

[1] Use and Occupation, 39 Cyc. p. 861.

236—Mich.—35.

under Circuit Court Rule No. 22, by adding an appropriate count in trespass on the case, and the judgment for plaintiff affirmed.[2]

BIRD, C. J., dissenting.

Error to Wayne; Barton (Joseph), J., presiding. Submitted April 29, 1926.    (Docket No. 170.)    Decided December 8, 1926.

Assumpsit by Arthur J. Vhay, administrator of the estate of John Vhay, deceased, against Anna Gies for use and occupation of property under claim of title and for money had and received.    Judgment for plaintiff.    Defendant brings error.    Affirmed.

*John W. L. Hicks,* for appellant.

*William Henry Gallagher,* for appellee.

BIRD, C. J. (*dissenting*).    Plaintiff brought an action of assumpsit to recover certain rents for use and occupation.    He had judgment.    Defendant assigns error on the ground that she was entitled to a directed verdict.

It appears that defendant took charge of certain real estate which belonged to the deceased under a claim of right given by two deeds and a will.    The deeds were set aside (*Vhay* v. *Gies,* 218 Mich. 394).    Later the will was set aside (*In re Vhay's Estate,* 225 Mich. 107).    This suit was brought to recover for the rents which she collected while in possession of the property under the deeds and will.

The point is made that no recovery can be had in assumpsit for use and occupation unless there is present a contract.    We think the point is well taken. *Lockwood* v. *Thunder Bay River Boom Co.,* 42 Mich. 536; *Doty* v. *Gillett,* 43 Mich. 203; *Smith* v. *Haight,* 188 Mich. 512.

In the first case cited the rule is stated as follows:

[2]Appeal and Error, 4 C. J. § 2640.

"It has been uniformly held in this State that an action for use and occupation will not lie except where a contract relation exists of landlord and tenant, by virtue of which an obligation exists to pay rent. *Dwight* v. *Cutler*, 3 Mich. 566 (64 Am. Dec. 105); *Hogsett* v. *Ellis*, 17 Mich. 351; *Dalton* v. *Laudahn*, 30 Mich. 349; *Wilmarth* v. *Palmer*, 34 Mich. 347; *Marquette, etc., R. Co.* v. *Harlow*, 37 Mich. 554 (26 Am. Rep. 538). While there are some cases in which tort may be waived and assumpsit brought, this doctrine has not been applied to trespass on lands except under a statute which will be presently referred to. Usually no adverse relation can be turned into a contract relation, express or implied."

During the time the litigation over the deeds and will was pending defendant had possession of the premises, but her possession was not due to any contract, but to a claim of ownership under the deeds and will. When the litigation was concluded, if defendant refused to surrender possession ejectment, not summary proceedings, was the proper remedy, and the subsequent filing of a claim in the same case for the rents and profits of the premises (3 Comp. Laws 1915, §§ 13203, 13204). The trial court should have directed a verdict for defendant.

Judgment should be reversed, with costs to defendant.

FELLOWS, J. I am unable to determine from this record that a motion for a directed verdict was made. If one was made it should have been denied. Plaintiff not only sought to recover for rent but also sought to recover for money collected by defendant for deceased in his lifetime and not accounted for to him or to his representatives after his death. To sustain this claim, among the proof offered was the testimony given by defendant in probate court that she had collected for deceased over $1,000. Upon the present trial she claimed to have expended considerable of this for the

benefit of deceased and the estate, but her concluding testimony was:

"There were three payments of $300 to be taken off of that.   I stand ready and willing now to pay the balance that I owe of $121, I mean $131."

I agree with the Chief Justice that plaintiff cannot, under a count in assumpsit, recover for the use and occupation of the premises unlawfully withheld by defendant.   But he is not without remedy, nor is his only remedy the one incidental to an action of ejectment.   As pointed out by Mr. Justice STONE in *Smith v. Haight*, 188 Mich. 512, his remedy is by an action of trespass or tort.   If plaintiff had counted in case for the unlawful withholding of the premises, his measure of damages would have been the same as under the present declaration, *i. e.*, the rental value. Under these circumstances I think we should apply the provisions of Circuit Court Rule No. 22, § 4, as amended December 29, 1922 (221 Mich. xxxiv).   This section as amended reads:

"A count in trespass on the case may be joined with a count in assumpsit in an action of assumpsit, and a count in assumpsit may be joined with a count in trespass on the case in an action of trespass on the case.   And if after a verdict or judgment it appears in any action that an action of assumpsit should have been brought where an action of trespass on the case was brought, or an action of trespass on the case should have been brought where an action of assumpsit was brought, a new count in assumpsit or trespass on the case may be added to the declaration by amendment, and the verdict and judgment shall stand."

If this case does not fall within this rule it is difficult to perceive what useful purpose the rule could serve.   I think the declaration should be amended by adding an appropriate count in trespass on the case and the judgment affirmed.

SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred with FELLOWS, J.