### LEWIS v. WHITNEY.

1. APPEAL AND ERROR—PLEADING — AMENDMENT OF DECLARATION CHANGING ACTION FROM ASSUMPSIT TO TORT—COURT RULES.
   Under Circuit Court Rule No. 22, an amendment of a declaration in the Supreme Court is permissible, changing the cause of action from one in assumpsit to one in tort.

2. SAME—QUESTION NOT RAISED IN TRIAL COURT NOT CONSIDERED.
   A question not raised in the trial court will not be considered by the Supreme Court.

3. FRAUD—EVIDENCE—WIDE LATITUDE IN ADMISSION OF TESTIMONY PERMISSIBLE WHERE FRAUD INVOLVED.
   Although, where fraud is involved, wide range in the admission of testimony should be allowed, the trial judge should exercise wise discretion; he not being required to admit immaterial or incompetent testimony, or testimony which has no legitimate bearing on the questions involved.

4. APPEAL AND ERROR—UNDUE RESTRICTION IN ADMITTING TESTIMONY NOT SHOWN.
   In an action for fraud and deceit, that defendant was un-

¹Appeal and Error, 4 C. J. § 2655; ²Id., 3 C. J. § 580; ³Fraud, 27 C. J. § 181; ⁴Appeal and Error, 4 C. J. § 2797; Fraud, 27 C. J. § 181; Witnesses, 40 Cyc. pp. 2513, 2514.

duly restricted either in cross-examination or in putting in his testimony, *held*, not shown by the record.

5. NEW TRIAL — NEWLY-DISCOVERED EVIDENCE—CUMULATIVE EVIDENCE—ABUSE OF DISCRETION.

There was no abuse of discretion in denying a motion for a new trial on the ground of newly-discovered evidence, where the showing of diligence in attempting to locate the witnesses is not very definite, and the proposed testimony is cumulative merely.

6. APPEAL AND ERROR—WEIGHT OF EVIDENCE.

The Supreme Court will not set aside a judgment on the ground that the verdict is against the weight of the evidence merely because it might have reached a different result had it been the jury, but to justify such action it must appear that the verdict is against the clear or overwhelming weight of the evidence.

7. SAME.

Verdict *held*, not so against the weight of the evidence as to require reversal of the judgment.

Error to Wayne; Gilbert (Parm C.), J., presiding: Submitted January 19, 1927. (Docket No. 127.) Decided April 1, 1927.

Case by John Lewis and another against Roland G. Whitney for fraud and deceit. Judgment for plaintiffs. Defendant brings error. Affirmed.

*Edward N. Barnard*, for appellant.

*Thomas Mulvihill* and *George M. Lehman*, for appellees.

FELLOWS, J. Plaintiffs' declaration counts in tort for fraud and deceit. Upon a trial with a jury they recovered something less than their claim. Upon a motion for a new trial the amount of their recovery was further reduced. Defendant, however, sued out this writ of error and in his brief thus summarizes his contentions:

---

[5]Appeal and Error, 4 C. J. § 2817; New Trial, 29 Cyc. pp. 886, 917; [6]Appeal and Error, 4 C. J. § 2838; [7]Id., 4 C. J. § 2838.

"The following questions are raised by the assignments of error, and they will be discussed in the order here given:

"(1) Did the court unreasonably restrict the right of defendant to show the respective value and condition of the Utica, Wayne and Tessman properties?

"(2) Was the refusal of the court to grant a new trial on the ground of newly-acquired evidence an abuse of discretion?

"(3) Were the verdict and judgment against the overwhelming weight of the evidence?"

In addition to these questions, it is also here insisted that plaintiffs can not recover under their declaration for fraud and deceit but should have counted in assumpsit. This question was not raised in the court below, but counsel makes the ingenious argument that it may be raised here for the first time because he claims a declaration in tort may not be amended so as to count in assumpsit and he cites several cases in this court decided before the adoption of present Circuit Court Rule No. 22, which hold that declarations may not be amended changing the cause of action from tort to assumpsit or *vice versa*. But we have recently had Rule 22 under consideration, and under its provisions permitted an amendment in this court changing the cause of action from one in assumpsit to one in tort. *Vhay* v. *Gies*, 236 Mich. 545. The question, not having been raised in the court below, under the uniform holdings of this court, may not for the first time be raised here.

1. It is true, as claimed by defendant's counsel, that where fraud is involved courts are liberal in allowing a wide range in the introduction of testimony. But this does not require that unlimited examination or cross-examination should be permitted. A wise discretion should be indulged the trial judge in curtailing it when counsel go too far afield. It does not require the trial judge to receive immaterial or incompetent testimony or to admit testimony which has no legiti-

mate bearing on the questions involved.    We are not persuaded that defendant was unduly restricted either in cross-examination or in putting in his testimony. There was some testimony admitted as to value of some of the properties named, but there was no claim that any false representations were made as to the value of these properties or any of them.    Nor was their value in any way involved.    We are unable to find that any testimony pertinent to the issue was excluded.

2. The case was pending in the court below nearly 2½ years.    Less than 20 days after the trial, a motion for a new trial was filed based in part on a showing that defendant had just learned the whereabouts of two witnesses whose testimony was deemed important by defendant on a part of the items involved in the case, and the testimony of one of these witnesses was taken and used on the motion.    This testimony was cumulative and pertained to two small items.    The showing as to the diligence used before the trial to locate these witnesses is not very definite and we are not persuaded that the trial judge abused his discretion in overruling the motion.    *Roy* v. *Kirn,* 208 Mich. 571; *Romanuick* v. *Highland Park State Bank,* 235 Mich. 217; *Canfield* v. *City of Jackson,* 112 Mich. 120; *Johnson* v. *Doon,* 131 Mich. 452.

3. Nor are we persuaded that we should set aside the judgment on the ground that the verdict was against the weight of the evidence.    The power to ultimately set aside verdicts and judgments on this ground has been wisely committed to this court, and when and as the occasion arises must be exercised by us.    But this does not make us the original triers of the facts or require us to hear cases on the law side *de novo.*    It is not sufficient that we would have reached a different result had we been members of the jury.    The verdict must be against the clear weight of the evidence, against the overwhelming weight of

the evidence, it is sometimes said, manifestly against the weight of the evidence, it is also said. These are the standards set by former decisions of this court too numerous to cite. Measured by these standards we should not exercise this power in the instant case. In the main, the case rested on the testimony of the parties, which was in direct conflict. There are circumstances pointed out by counsel on both sides sustaining the testimony of their respective clients. We need not detail them. They no doubt were urged upon the jury and the trial judge, all of whom heard and saw the witnesses. The jury accepted the testimony of plaintiffs and their witnesses in the main, but upon some of the items accepted the version of the defendant and his witnesses. We shall not disturb their conclusion.

The judgment will be affirmed.

SHARPE, C. J., and SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred. BIRD, J., did not sit.