VELEY *v*. BURT.

1. WORK AND LABOR — RIGHT TO PAYMENTS WHILE WORK PRO-
GRESSED—ABANDONMENT OF CONTRACT.

In an action for work done on special automobile joints,
which were never completed because defendants refused
to pay as the work progressed, in the absence of an agree-
ment as to when payment was to be made, payment would
not be demandable before completion thereof, and refusal
to pay for work done during its progress would not
excuse its abandonment.

2. SAME—ADMISSIONS—ESTOPPEL.

Whether there was an agreement to pay plaintiff during
progress of the work, which was a disputed question,
*held*, properly submitted to the jury, notwithstanding plain-
tiff's admission in a letter that "There may be a point of
law that since we agreed to do the work accurately and
that no time was stipulated for payment, that it is up
to us to finish the work and then prove that it is done
accurately before we are entitled to payment."

3. SAME—GREAT WEIGHT OF EVIDENCE.

Verdict for plaintiff *held*, not against the great weight of
the evidence.

4. SAME—EVIDENCE—APPEAL AND ERROR.

Admission of testimony by plaintiff that he had to buy
new machinery for the job, where he was not seeking
to hold defendants for the expense thereof, but was given
in explanation, in part, of the delay in completing the
work, was not prejudicial error.

5. SAME—BURDEN OF PROOF.

The burden of proof was upon plaintiff to establish that
it was part of the contract to make payments as the
work progressed, and that it did progress with reasonable
promptness and dispatch.

6. SAME—ABANDONMENT OF WORK JUSTIFIED IF PAYMENTS DUE
NOT MADE ON DEMAND.

If plaintiff was entitled to payments as the work pro-

[1]Work and Labor, 40 Cyc. p. 2833; [2]Id., 40 Cyc. p. 2855; [3]Id.,
40 Cyc. p. 2849; [4]Appeal and Error, 4 C. J. § 2952; [5]Contracts,
13 C. J. § 928; Work and Labor, 40 Cyc. p. 2845; [6]Work and
Labor, 40 Cyc. p. 2831.

gressed, and reasonable demands therefor were made by him and refused, and the work progressed with reasonable dispatch, he was justified in discontinuing, and was not precluded from recovering damages because he did not complete the work.

7. SAME — TRIAL—INSTRUCTIONS—SUBSEQUENT PROMISES VOID AS WITHOUT CONSIDERATION.

Where plaintiff had testified that three of the defendants told him to go ahead with the work, and, when he needed money, to ask for it, an instruction that if in the original contract there was no agreement to make payments as the work progressed, then any subsequent agreement to do so would be without consideration and not binding, and that if plaintiff did not proceed with the work with reasonable promptness the defendants had a right to abandon the contract, whether any payments were due him during the progress of the work or not, was not objectionable as permitting the jury to merge the original agreement with the claimed subsequent promise to pay, but was as favorable to defendants as they were entitled to.

8. SAME—DAMAGES—EVIDENCE—MARKET PRICE.

Testimony offered by defendants to show the price paid by them for joints afterwards made by another, offered on the theory that it had some bearing on the market price, was properly rejected, since the joints were special, and there was no market price, and the issue was the agreement between the parties with reference to the cost of the joints.

9. SAME—QUESTION FOR JURY.

The issue of whether plaintiff proceeded with the work with reasonable promptness, under the evidence, was one of fact for the jury.

Error to Kalamazoo; Weimer (George V.), J. Submitted January 18, 1928. (Docket No. 101.) Decided April 3, 1928.

Assumpsit by Carl J. Veley, doing business as Armstrong & Veley, against Frank Burt and others for services rendered. Judgment for plaintiff. Defendants bring error. Affirmed.

[7]Work and Labor, 40 Cyc. p. 2856; [8]Id., 40 Cyc. p. 2848.

*H. Clair Jackson,* for appellants.

*Fred G. Stanley (Don B. Sharpe,* of counsel), for appellee.

WIEST, J.    Defendant Burt invented an automobile joint, and the other defendants, as "informal partners" or joint adventurers, united with him in its development.    Wanting eight of the planned joints made they took up the matter with the plaintiff, who operated a machine shop, and the probable expense was discussed, but not definitely fixed, and plaintiff was employed to make the joints as soon as he could, but not to the exclusion of his other business engagements.    Plaintiff started the work, and, after several months, had the job about half completed and then asked defendants to pay him on account the sum of $515.74.    Defendants claimed there was no agreement to pay before completion, and, therefore, refused payment.    Because the payment was not made plaintiff quit the work, brought this suit to recover for work done and material furnished and had verdict and judgment, inclusive of interest, for $1,033.30.    Defendants review by writ of error.

If no time for payment was fixed by agreement, then payment was not demandable before completion of the joints, and, in such case, refusal to pay during progress of the work would not let plaintiff stop the work and recover for labor and material.    Whether there was an agreement to pay before completion was a sharp-drawn question of fact and not to be taken from the jury under a holding that plaintiff was estopped by the following statement in a letter in reply to a letter from defendants:

"There may be a point of law that since we agreed to do the work accurately and that no time was stipulated for payment, that it is up to us to finish the work and then prove that it is done accurately before we are entitled to payment."

The trial judge was not in error in leaving the question to the jury. We are requested, as was the trial judge, to grant a new trial on the ground that the verdict is against the great weight of the evidence. We cannot so hold.

As stated by Mr. Justice FELLOWS, in *Olchefsky* v. *Brick Co.*, 240 Mich. 536:

"If we were the triers of the facts we might not find difficulty in agreeing with some or all of defendant's contentions as to what the facts were. But this is not the measure of either our power or our duty;" citing *Lewis* v. *Whitney*, 238 Mich. 74.

Over objection plaintiff was permitted to testify:

"Well, there were a few things that we bought special for this job, that might be considered regular equipment, but we got them special for the job, such as some milling cutters, and we made some jigs and fixtures, some patterns. We also bought a milling machine special so that we could progress with this work. Of course, the milling machine is good for other work, too, but the one that we had in the shop at the time wasn't large enough to handle this job to advantage, so we bought another one."

Plaintiff did not seek to hold defendants for the expense of such new machinery, and the testimony was given in explanation, in part, of the delay in making the joints. Upon such issue we can discover no harm in its admission.

Plaintiff also claimed that defendant Keller and two other defendants told him to go ahead with the work and "when you need money, ask for it."

Upon the subject of payment the court instructed the jury that the burden of proof was on plaintiff to establish that it was a part of the contract to make payments as the work progressed, and that the work progressed with reasonable promptness and dispatch, and, if the jury found that plaintiff was entitled to payments as the work progressed and reasonable de-

mands were made by him and refused, and the work progressed with reasonable dispatch, then plaintiff was justified in discontinuing the work and was not precluded from recovering damages because he did not complete the work. The court also instructed the jury:

"If at the time of the entering into of the contract for the making of the joints in question there was no agreement upon the part of the defendants to pay, make any payments as the work progressed, then in such event any conversation, if any, that might have been had after that time in which any of the defendants promised to advance some money upon the work was without consideration and not binding upon the defendants, and the plaintiff was not justified in— would not in such event be justified in discontinuing the work on the joints on account of the refusal of any such payments and in such event he had no right to demand or require payment until the work was completed.

"If the plaintiff did not proceed with the work with reasonable promptness and dispatch, the defendants had a right to abandon the contract, whether any payments were due him during the progress of the work or not."

Counsel for defendants contends that the instruction mentioned permitted the jury to merge the original agreement with the subsequent promise mentioned and this would not have happened had the court given defendants' request for instruction upon the subject. We think the instruction sufficiently covered the subject and was as favorable as defendants had a right to claim.

After plaintiff discontinued work on the joints defendants had joints manufactured at another shop, and at the trial sought to show the price paid therefor. The testimony was excluded. It is claimed that the price paid had some bearing on the market price. The joints were special, and clearly there was no

market price, and, besides, the agreement between the parties with reference to the cost of the joints was the issue and not what had been paid in another instance. What we have just said applies to several other assignments of error. The issue of whether plaintiff proceeded with the work with reasonable promptness was one of fact for the jury.

We find no error calling for reversal, and the judgment is affirmed, with costs to plaintiff.

NORTH, FELLOWS, CLARK, and MCDONALD, JJ., concurred. SHARPE, J., did not sit.

The late Chief Justice FLANNIGAN and the late Justice BIRD took no part in this decision.