## POSPECK v. ELLINGSON.

1. APPEAL AND ERROR—WEIGHT OF EVIDENCE.
   Supreme Court may not substitute its judgment for that of jury on question of fact, unless verdict is against great weight of evidence.

2. MOTOR VEHICLES—NEGLIGENCE—WEIGHT OF EVIDENCE.
   In pedestrian's action for personal injuries caused by defendant's automobile, verdict for defendant, *held*, not against great weight of evidence.

Appeal from Gogebic; Driscoll (George O.), J. Submitted January 27, 1932. (Docket No. 46, Calendar No. 36,105.) Decided March 2, 1932.

Case by John Pospeck against Eldred J. Elling-son for personal injuries alleged to be due to defendant's negligence. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Raymond J. Lester* (*Frank E. Hook,* of counsel), for plaintiff.

*Thomas J. Landers* (*Warren B. Foster,* of counsel), for defendant.

BUTZEL, J. On July 26, 1930, plaintiff, John Pospeck, was severely injured by defendant Eldred J. Ellingson's automobile. The accident occurred just south of the Castile Mining Company's warehouse in the unincorporated village of Ramsay, county of Gogebic, Michigan. Plaintiff, then 60 years of age, was walking in an easterly direction along the old county road and facing the car being driven by defendant in a westerly direction. The road was macadamized a width of 16 feet with a yellow division line in the center. On the north side of the road there is also a three to three and one-half foot graveled strip or path, adjoining which there is a wide grass lawn. There is no claim that there was a ditch along the side of the road. Just prior to the accident, defendant had driven past a number of people who were walking along the path at the side of the road. It is the claim of plaintiff that he was walking on this path when defendant's car ran him down. Defendant, on the other hand, asserts that his car did not leave the macadamized part of the road until after the accident occurred; that the lights and brakes of his car were in good condition, and that he was only driving at the rate of 15 to 20 miles per hour. He testified that, as he approached the place where the accident occurred, he swerved

his car to the south, but that a car with blinding
lights coming from the opposite direction just then
passed him and he was forced to turn to the north
side of the road, but did not get off the macadam;
and that he thus struck plaintiff while he was walk-
ing on the macadamized part of the road and not on
the path as he claims. Plaintiff and defendant were
the only eyewitnesses of the accident. Plaintiff was
found lying on the path alongside of the road from
one and one-half to two feet from the macadam. De-
fendant further claimed that the fact that plaintiff
was found after the impact so near the macadamized
part of the pavement proves that he must have been
walking on the macadam. There is a sharp conflict
in the testimony. The trial judge submitted the case
to the jury on a charge that, as he stated, was more
favorable to the plaintiff than the evidence justified.
The following special question was submitted to the
jury:

"Did the defendant, Eldred J. Ellingson, neglect
to do anything which an ordinary, prudent, careful
man would have done under like circumstances?"

It was answered in the negative. The jury found
in defendant's favor. The judge, in denying a mo-
tion for a new trial, said:

"The judicature act has limited the discretionary
power in granting motions for new trials and says,
in substance, that they shall not be granted unless
there is a miscarriage of justice. There was ample
evidence to support the finding of due care on de-
fendant's part. The evidence of plaintiff's negli-
gence was pretty strong. The accident happened at
night. He was walking toward defendant's oncom-
ing car with lights burning. He saw it coming, but
did not change his course when a mere step to the
left would have averted the accident. There was no

request for instructions with reference to the special question; nor is there now any suggestion as to what further the court should have said about it."

Even though from reading the bare record. and without seeing the witnesses, we might have reached a different conclusion, we are not a factual finding body that can substitute its judgment for that of a jury unless their verdict is against the great weight of the evidence. This we do not find it to be. See *Lewis* v. *Whitney,* 238 Mich. 74; *Olchefsky* v. *Mercier, Bryant, Larkins Brick Co.,* 240 Mich. 536; *Veley* v. *Burt,* 242 Mich. 253.

The judgment is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.